## ILLINOIS CENTRAL RAILROAD COMPANY ET AL. *v.* WIRT ADAMS, STATE REVENUE AGENT.*

1. TAXES. *Interest. Code* 1892, §§ 2348, 2350.

   Interest is not recoverable on delinquent taxes, since it was not allowed at common law and the statutes of this state on the subject have relation only to debts existing on contract and by judgment.

2. SAME. *Injunction. Damages.*

   Interest not being recoverable on delinquent taxes, on the dissolution of an injunction against proceedings for their collection, no liability for interest as damages attaches under an injunction bond operating as indemnity against "all damages" resulting from the wrongful suing out of the injunction.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

Adams, state revenue agent, appellee, was plaintiff and the railroad company, appellant, was defendant in the court below. From a judgment in plaintiff's favor defendant appealed to the supreme court. The opinion states the case.

---

*Justice Calhoon, having been of counsel for the appellee, recused himself, and Hon. Newnan Cayce was appointed special judge in his stead.

*Mayes & Harris*, for the appellant.

The declaration admits expressly that in this state interest is not recoverable on taxes. The appellees seek to avoid this principle by contending that while interest does not run on taxes merely because of failure to pay the same, yet, nevertheless, if the collecting officer is proceeding to collect the taxes and is enjoined, interest is allowable on the dissolution of the injunction on the bond, as in the nature of damages. We respectfully submit that this is a mere juggling with terms. Noncontract interest is not allowable in any other way than as damages for nonpayment, and it cannot be material how the nonpayment comes about, the debt, whatever it may be, being once overdue. If interest is not demandable on overdue and unpaid taxes, why is it so? Such overdue and unpaid taxes are a liability to the state or to the state's subdivisions, and if interest is not demandable thereon, such condition of things comes about, not by any act or resistance of the delinquent taxpayer, but because the state, in the exercise of its sovereign prerogative, has abstained from imposing a liability for interest in such case. If the state desired or intended to collect interest, it would have so declared by enactments made to that end. But it has not so declared, and it is not for the courts, by construction of the ancient general terms of an injunction bond, or by decisions in the nature of legislation, to impose a tax liability, either direct or incidental, which the legislature has not seen fit to impose.

Grant the proposition that the law of the state is that interest is not collectible on delinquent taxes, how can it make any difference in substance, or why should it make any difference in reason, that such nonpayment is accompanied by the proper and legal resistance of an appeal to the courts on injunction for the purpose of ascertaining and testing in good faith the question of liability?

The argument of the appellees amounts to this: that in a case of confessed, unexcused and inexcusable delinquency there

is no interest payable, but in a case in which there is claim of nonliability, and that claim is being in good faith contested in the courts, a liability for interest in the nature of a penalty is imposed, because the alleged assessee asserting his nonliability has recourse to the courts, such recourse in the precise form of an injunction being expressly sanctioned and made easy by the statutory law of the land.

To put it in brief: The delinquent, without excuse, is not liable for interest, but the delinquent with an excuse must pay a penalty in the shape of interest. That interest is not allowable on taxes, even by way of damages, is shown by the following cases: *Louisville Railroad Co.* v. *Hopkins Co.*, 87 Ky., 605, 615; *Shaw* v. *Peckett*, 26 Vt., 482; *Haskell* v. *Bartlett*, 34 Cal., 281; *Himmelman* v. *Oliver*, 34 Cal., 246; *Edmondson* v. *Galveston*, 53 Texas, 157; *Perry Co.* v. *Railroad Co.*, 65 Ala., 391; *Danforth* v. *Williams*, 9 Mass., 324.

*Critz, Beckett & Kimbrough*, for the appellee.

The condition of the injunction bond is that the obligors shall "well and truly pay and satisfy all such costs and damages as shall result from the wrongfully suing out of this injunction," "within thirty days after it is dissolved."

Interest is entirely statutory. *Eastin* v. *Van Dorn*, W. (Miss.), 214; *Hamer* v. *Kirkwood*, 3 C., 95; Brame & Alexander's Dig., p. 658, secs. 1–3.

And § 2348 of the Code of 1892 only provides for legal interest on "all notes, accounts, and contracts."

Taxes do not come under either of these designations, but § 2350 provides that judgments and decrees shall bear interest at the rate of the debt sued on, and that "all other judgments and decrees shall bear interest at the rate of six per centum per annum."

Hence, taxes as such do not bear interest, but the judgment does from the date of its rendition. *Western Union Tel. Co.* v. *Indiana*, 165 U. S., 309, 310.

From which it is perfectly clear that interest was lost on the taxes by reason of the injunction for the time that they were prevented from being reduced to judgment.    While the suit is in form an action of debt on the bond, still it is, in its essence, a suit for damages caused by a wrong.    The condition of the bond is to pay damages for a wrong, for wrongfully suing out the injunction, and in suits to redress wrongs the measure of damages is full compensation for the injury occasioned by the wrong.    Where there is no special damage and no element of malice or wilful oppression, the interest is ordinarily the measure of the damage occasioned by the delay.    *Weaver* v. *Williams,* 75 Miss., 954, 955; *I. C. R. R. Co.* v. *Haynes,* 64 Miss., 606, 609 ; *Black* v. *Robinson,* 62 Miss., 68.    See generally George's Dig. (Damages), p. 167, sec. 4, and p. 168, secs, 8, 10, 10 (*a*).

In some cases it is loss of crops.    *Fleming* v. *Bailey,* 44 Miss., 132, 135, 136.    In others it is rents and profits, which correspond to interest.    *Richardson* v. *Callihan,* 73 Miss., 4-6; *Smith* v. *Wells,* 46 Miss., 64.    In others it is loss of fees or gains.    In this case the court says:   " Gains prevented are not to be distinguished in principle from losses sustained."    *Fairley* v. *W. U. T. Co.*, 73 Miss., 6, 12.

The same principle prevails in injunction cases.    Says the court:   " Where a party is prevented from working, the amount of wages pending the injunction is the measure of his damage."    *Muller* v. *Fern,* 35 Iowa, 420.

Where, pending the injunction, the subject-matter depreciates in value, the damage is the amount of the depreciation, with interest.    *Rubon* v. *Stephan,* 25 Miss., 256, 257; *Fourth Nat. Bank* v. *Crescent Min. Co.* (Tenn. Ch. App.), 52 S. W., 1021; *Fleming* v. *Bailey,* 44 Miss., 132, 136; *Levy* v. *Taylor,* 24 Md., 282.

Where a party is enjoined from suing, and in the meantime the debtor or debtors become insolvent, the damage is both the principal of the debts and the interest.    *Fleming* v. *Bailey,* 44

Miss., 132, 136; *Allen* v. *Jones*, 79 Fed. R., 698; *Terrell* v. *Ingersoll*, 10 Lea (Tenn.), 77.

Where an injunction delays the collection of a judgment, interest on the judgment during the delay is recoverable as damages. This is exactly the same principle here. *Dodge* v. *Cohea*, 14 App. (D. C.), 582.

It is said that if the corpus remains specifically the same the damage is such as results from a privation of the use. *Fleming* v. *Bailey*, 44 Miss., 135, 136; *Smith* v. *Wells*, 46 Miss., 64.

And, generally, it is laid down by this court that where there is no special damage " ordinarily the injury sustained by the party interrupted in the collection of his debt consists of the delay occasioned and the costs incident to the defense of his cause." *Williams* v. *Bank*, 71 Miss., 871.

We think the following cases specifically establish that interest can be recovered in such cases: *Washington* v. *Parks*, 6 Leigh (Va.), 581; *Southerland* v. *Crawford*, 2 J. J. Marsh. (Ky.), 369; *Fears* v. *Riley*, 147 Mo., 453–455; *Harrison* v. *Balfour*, 5 S. & M., 306, 307; *Somerville* v. *Mayes*, 54 Miss., 34, 35.

We think the gist of the whole matter may be summed up in a sentence like this: The damage is the loss which the injured party has sustained, without any contributory fault on his part, by the unjust act of another, perpetrated under the forms, but without the sanction, of law.

*Green & Green*, on the same side.

Was the interest on the assessment properly given as damages? The agreed state of facts sets out that the amount of these taxes is correct and that the assessments were in all respects perfectly regular. These two steps gave us the right to sue for and to distrain for the taxes. Code 1892, §§ 3747, 3748, to have immediate possession of the money, thus due us. About this there is and can be no dispute. But they contend that because assessments, as assessments, do not bear interest,

that then we are not entitled to interest, because the money we claimed was due as interest on assessments.

The breach of the obligation whereby damages accrued happened on December 15, when suit or distress could be brought. The state has been damaged; what is the measure of that damage? The interest on the money. Code 1892, § 3747, expressly declares it to be a debt recoverable by suit *in personam.*

The state is entitled not only to the return of the money wrongfully detained, but also to interest by way of damages for its wrongful detention, and so all the authorities declare in the absence of statute. After 1892, interest accrued as an incident—statutory interest. As to the rule in Mississippi, see *Howcott* v. *Collins,* 23 Miss., 404; *Jackson* v. *Whitfield,* 51 Miss., 202; *Eastin* v. *Vandem, Id.,* 214; *Wiltberger* v. *Randolph, Id.,* 20; *Hanner* v. *Kirkwood,* 25 Miss., 95; *Howcott* v. *Collins,* 23 *Id.,* 398; *Houston* v. *Crutcher,* 31 *Id.,* 51; *Work* v. *Glaskins,* 33 *Id.,* 539; *Neill* v. *Neill,* 31 Miss., 36; *Railroad Co.* v. *Haynes,* 64 Miss., 604.

The above cases are conclusive of what the law on this point is in Mississippi, and under the decisions of the supreme court of the United States, and the other federal courts, it is equally well settled. *Redfield* v. *Iron Co.,* 110 U. S., 176; *Redfield* v. *Bartels,* 139 U. S., 694; *Jourolmon* v. *Ewing,* 80 Fed., 604; *Cooper* v. *Hill,* 94 Fed., 538; *Swinison* v. *Scaiven,* 1 Dickins, 117; *Redfield* v. *Iron Co.,* 110 U. S., 174; *United States* v. *North Carolina,* 136 U. S., 211; *Jourolmon* v. *Ewing,* 47 U. S. App., 679, 686, s. c. 26 C. C. A., 23, 27, and 80 Fed., 604, 607; *Filmore* v. *Reithman,* 6 Colo., 120, 131; 1 Sedg. on Dam., secs. 301, 303; *United States* v. *North Carolina,* 136 U. S., 216. See, also, *State* v. *Blount,* 1 Hay., 4; *Hunt* v. *Jucks,* 1 Hay., 173; *McKinley* v. *Blackledge,* 2 Hay., 28. See *Young* v. *Godbe,* 15 Wall., 562, 565; *Holden* v. *Trust Co.,* 100 U. S., 72, 74; *Price* v. *Great Western Ry.,* 16 Mo. App., 244–248; *Cook* v. *Fowler,* L. R., 7 H. L., 27, 32, 36, 37; *Union Institution for Savings* v. *Boston,* 129 Mass., 82.

The basis of our claim is: We had a right to the money, taxes. They deprived us of this, and thereby appropriated to themselves this money, and had the use of it, and deprived the state of it most wrongfully, and thereby they became liable to pay us interest thereon as damages. They have wrongfully detained this money, and are liable in damages, interest therefor.

Argued orally by *Edward Mayes*, for appellant, and *R. C. Beckett* and *Marcellus Green*, for appellee.

HON. NEWNAN CAYCE, Special J., delivered the opinion of the court.

On August 27, 1895, the Illinois Central Railroad Company applied for and obtained from the Hon. H. C. Conn, chancellor, sitting for Hinds county, Mississippi, an injunction restraining appellees and the railroad commissioners of the State of Mississippi from making any assessment for taxation of the Louisville, New Orleans & Texas Railroad property for the years 1886 to 1891 inclusive, the said property being then owned by the Illinois Central Company, and, pursuant to the fiat of the chancellor, executed bond, in the sum of $25,000, with R. W. Millsaps and John Hart, sureties. On September 28, 1895, the injunction was dissolved by the chancery court and an appeal taken to the supreme court of the state, and on December 2, 1895, in case No. 8312, the decree of the chancery court was affirmed by the supreme court. On February 6, 1896, the railroad commissioners assessed the property of the railroad. On February 7, 1899, the bill for injunction was dismissed by the chancery court. No opposition to such dismissal was made by the railroad companies after said decree of affirmance by the supreme court, and the dismissal occurred on the first request made by the revenue agent thereafter. The railroad commissioners held semi-monthly meetings on the first and third Mondays of December, 1895, and January, 1896. The cost of the appeal to the supreme court was paid on January

22, 1896. This suit on the bond was instituted on February 8, 1899, in the circuit court of Hinds county, and the cause was tried upon an agreed statement of facts. Judgment was given for the state revenue agent and against the railroads for the sum of $11,931.16, the same being for the interest at six per centum, which would have accrued on the amount of taxes claimed, viz., $397,705.34, for the six months intervening between the first Monday of October, 1895, and the first Monday of March, 1896, had not the injunction delayed the obtaining judgment for that time, the other claims of plaintiff for expenses, etc., being disallowed by the circuit court. Thereupon the appellants appealed to this court from said judgment.

The condition of the bond sued on is as follows, viz.: "Now, if said railroad companies, in case the injunction be dissolved, shall, within thirty days thereafter, well and truly pay and satisfy all costs and damages as shall result from the wrongfully suing out of this injunction," etc.

Can interest upon delinquent taxes be recovered upon an injunction bond by designating it as "damages?" If it can be thus recovered, it surely would be recoverable in a direct suit therefor. The basis for recovery must be the same in both instances. Calling interest "damages" could not operate to make that liable which was not liable under the name of interest. Interest is entirely statutory. It was not allowable by the common law, and exists only by positive legislation. *Easton* v. *Foster*, Walker Rep., 214; *Homer* v. *Kirkland*, 25 Miss., 96.

Our statute provisions authorizing the recovery of interest are found in §§ 2348 and 2350, code 1892, and they provide as follows: "The legal rate of interest on all notes, accounts and contracts shall be," etc., and "that all judgments and decrees founded on any contract shall bear interest," etc., and other judgments and decrees at six per centum. Unless the contractual relation exists or judgment has been obtained, our statutes do not authorize the recovery of interest, and it is clear that that

relation does not exist as between the government and the citizen regarding the levy of taxes, in the sense in which the interest statute refers to. By statute, taxes are a lien upon and bind the property, assessed in specie, from the first day of February of the current year; are due on October 1 following, and, if not paid by the fifteenth of December, may be collected of the personalty by distress, and, if not paid on land by the first Monday of March thereafter, together with the additional costs, the land is sold therefor. Interest in connection with delinquent taxes is nowhere provided for, except where lands are purchased by an individual at such sale for taxes, and then only after the sale. If, at such sale of delinquent lands, they are struck off to the state, they can be redeemed by paying the amount of taxes and cost and twenty-five per centum damages, but there is no provision for interest thereon. See §§ 3746, 3794, 3801, 3823, 3830, code 1892.

Interest is not allowable upon delinquent taxes by way of damages.

Appellees insist, with much earnestness, that this judgment appealed from herein, is not rendered for interest, but damages for loss of interest, arising under an express contract by the terms of the bond. The terms of a bond are always construed *strictissimi juris*, and the word damages therein must be taken to mean such damages as were allowed by law. As the law did not authorize the recovery of interest upon taxes delinquent, before judgment, clearly no legal injury could result by withholding that which the law did not authorize to be recovered. We have carefully examined the authorities cited by appellees, and find in each case the suit was based upon matters upon which interest was recoverable by statutory enactment. Section 3747, code of 1892, does not change the law by declaring the tax a debt. It is a debt by virtue of legislative declaration and not a debt arising by contract. The effect of § 3747, supra, is to make the owner liable, *in personam*, for the whole of his taxes, collectible as provided by § 3826, code

1892, but it does not change the law regulating the recovery of interest. That interest is not recoverable on taxes delinquent, is held also in following cases: *Louisville & Nashville R. R. Co.* v. *Hopkins Co.*, 87 Ky., 202; *Shaw* v. *Peckett et al.*, 25 Vermont, 482; *Haskell* v. *Bartlett*, 34 Cal., 34; *Perry* v. *Railroad Co.*, 55 Ala., 401; *Edmondson* v. *Galveston*, 53 Texas, 157.

The other items of damage named in the declaration, having been disallowed by the court and no cross appeal having been taken, cannot be considered by this court.

*The judgment of the court below is reversed and the case remanded.*