MILLER, STATE REVENUE AGENT, v. HENRY, INS. COM'R, et al.*

(In Banc. March 16, 1925.)

[103 So. 203. No. 24634.]

1. INTERESTS. *State's claim against insurance commissioner for license taxes an "account."*

    The claim of the state against its insurance commissioner for license taxes collected and not paid into the state treasury, he being required by Code 1906, section 2628 (Hemingway's Code, section 5094), to monthly furnish the auditor a detailed statement of the taxes received by him during the previous month, and to pay the same to the treasurer, *held* to consist of an "account" within Code 1906, section 2678 (Hemingway's Code, section 2075), providing for interest on "accounts;" the term not

being limited to a debt arising from contract, but embracing one arising from fiduciary relation.

2. INSURANCE. *Insurance commissioner liable for interest on account, though default due to deputy.*

That insurance commissioner's failure to pay collected license taxes in to the state treasurer, when required by statute, resulted solely from fault of a deputy, does not relieve him from liability for interest; it being allowed on accounts for money overdue, irrespective of good faith.

3. INSURANCE. *Insurance commissioner liable for interest only on taxes collected from time settlements were due therefor.*

Accounts not bearing interest till due, the insurance commissioner, required by Code 1906, section 2628 (Hemingway's Code, section 5094), to make monthly accountings and settlements for license taxes received during the previous month, is liable for interest only from the time such settlements were due, and that only on collections actually made for the previous month, though there were other taxes which could and should have been collected.

4. STATES. *Revenue agent entitled to commission though insurance commissioner paid whole sum sued for into state treasury.*

The revenue agent, required by Code 1906, section 4739 (Hemingway's Code, section 7057), to sue for and collect moneys improperly withheld by fiscal officers, and by Code 1906, section 4748 (Hemingway's Code, section 7066), declared entitled to retain as compensation twenty per cent. of all amounts collected and paid over by him, is entitled to recover his commission, though the insurance commissioner, after being sued, paid the whole amount into the state treasury.

McGOWEN and HOLDEN, JJ., dissenting.

---

*Headnotes 1. Accounts & Accounting, 1 C. J., sections 1, 3; 29 Cyc., p. 1439; 2. Insurance, 32 C. J., section 12 (1926 Anno.); 3. Insurance, 32 C. J., section 12 (1926 Anno.); 4. States, 36 Cyc., p. 863.

---

APPEAL from chancery court of Hinds county.

HON. V. J. STRICKER, Chancellor.

Action by W. J. Miller, state revenue agent, etc., against T. M. Henry, insurance commissioner, and others. From a judgment for less than claimed, plaintiff appeals. Affirmed in part, and reversed in part, and remanded.

*H. T. Odom* and *Stokes V. Robertson,* for appellant.

The insurance commissioner paid over certain amounts to the state treasury on March 1, 1923. This could absolve him from liability to the complainant, whose suit for these amounts was filed prior to that time. *Adams* v. *Bolivar County,* 75 Miss. 154, 21 So. 608; *Garrott* v. *Robertson,* 120 Miss. 731, 83 So. 177; *Robertson* v. *Shelton,* 127 Miss. 360, 90 So. 883.

In the above cases our court holds that it is the duty of the parties being sued by the revenue agent, to pay such amounts as are due to the revenue agent, and that in cases where moneys are paid over to other parties after the revenue agent has filed his suit, the revenue agent is entitled to his commissions on said moneys. I, therefore, respectfully insist that there is no escape from liability as to these amounts, and furthermore that the defendant is liable for six per cent interest on these amounts from the time said sums were paid to the state treasurer.

The charges and evidence against Deputy McNair were improperly injected into this case, and seem to have beclouded the issues. As I understand the law, it is wholly immaterial as to whether or not the shortage and irregularities lie at the door of the insurance commissioner himself or his deputy. In either instance, the legal liability of the insurance commissioner is the same. It is no protection to the insurance commissioner to say that McNair got the money, or that McNair, and not he, was guilty of gross neglect in the handling of the affairs of the insurance department. The principal is responsible for all wrongful and negligent acts of his deputy. The rule is stated in 9 Ency. of Law, Second Edition, 390.

Our court spoke of the liability of the circuit clerk for the actions of his deputy in *McNutt* v. *Livingston,* 7 S. & M. 641. Again our court in *Hemingway* v. *State,* 68 Miss. 371, 8 So. 317, held that a public officer charged

with the custody of public moneys and with keeping public records was liable criminally for the acts of his deputy.

THE INSURANCE COMMISSIONER IS LIABLE FOR INTEREST AT LEGAL RATE FROM DATE MONEYS WERE DUE STATE. Interest on those items collected by the insurance commissioner prior to the revenue agent's demand and not paid to the state treasurer on the 10th of the month following such collection. Section 5094, Hemingway's Code, section 2628, Code 1906, provided: "The commissioner of insurance and banking shall furnish to the auditor on or before the 10th day of each month a statement in detail of the taxes and licenses received by him under this chapter during the previous month, and shall pay to the treasurer the amount in full of such taxes and licenses."

No authorities are necessary except our interest statute, which is section 2075, Hemingway's Code, section 2678, Code 1906. The foregoing statute fixes the legal rate of interest on all notes, accounts and contracts at six per cent per annum. That the amounts owing by the insurance commissioner to the state and demanded by the revenue agent are accounts within the statute, is clear, and cannot be successfully controverted. The moment the insurance commissioner defaulted in paying over to the state the collections which he had made by virtue of his office, such sums became then and there a debt collectible by suit. The words "accounts and debts" are synonymous and used interchangeably. Counsel for the insurance commissioner did not undertake to argue in the lower court that the amounts sued for were not accounts within the statute. The correct rule as to this proposition is stated in 29 Cyc. 1439, as follows: "If the liability is recognized, a claim against an officer is treated as a private claim accrued."

The insurance commissioner is only a medium, through which funds are collected and paid into the state treasury. Each collection made by the insurance commissioner becomes a debt collectible by suit if not paid over to

the state treasury on the 10th of the month following said collection, which the statute says shall be done. This requirement of the statute is mandatory, and when the insurance commissioner retains moneys in his hands after the time designated by the statute for paying same to the state treasury, he is delinquent to the state of Mississippi in this regard.

Furthermore, I think that the insurance commissioner in this case and his bondsman occupy a contractual relation with the state. The official bond of the insurance commissioner in this case is an express contract with the state of Mississippi, guaranteeing the faithful performance of every official duty of the insurance commissioner. In other words, the insurance commissioner and his bondsman solemnly covenanted with the state of Mississippi to do various things pertaining to the official duty of the insurance commissioner. And the most important of all of these duties was to pay over promptly on the tenth of each month all moneys collected by the insurance commissioner by virtue of his office. This being true, it follows that interest could be allowed under the statute because of the express contractual relation.

The rule applicable to the facts in this case is well stated in 22 R. C. L. 507. I next insist that since the money was wrongfully withheld from the state, the law implied a contract on which interest should be allowed. The rule to this effect is stated in 33 C. J. 203.

To the same effect see, Mechem on Public Officers, 911; McPhillips v. McGrath, 23 So. 721; 11 Am. & Eng. Ency. Law, 398, note; Perry, Trusts, sec. 468.

Among the many authorities supporting the foregoing rule, I cite the following: 16 Am. & Eng. Ency. (2 Ed.), 1012; 29 Cyc., 1439, 1456; 1 Sutherland on Damages (4 Ed.), pars. 353, 1132; 11 Dec. Dig. on Insurance, par. 12; 29 Cent. Dig. on Insurance, par. 23; U. S. v. Curtis, 100 U. S. 119, 25 L. Ed. 571; Stern v. People, 102 Ill. 540; Cassedy v. Trustees, 105 Ill. 560; People v. Gosherie

(N. Y.), 9 Johns. 71; *Havre de Grace* v. *Fohly,* 108 Md. 533.

Counsel for the insurance commissioner argued that interest is a creature of the statute and cannot be allowed unless specifically provided for by statute. On this proposition in the lower court, he relied on *Warren* v. *Klein,* 51 Miss. 807.

A further investigation along this line discloses that our court in the recent case of *Drainage District* v. *Sillers, et al.,* 91 So. 693, cited the *Klein case, supra,* and, in addition thereto, the case of *Anderson* v. *Issaquena County,* 75 Miss. 873, 23 So. 310, on the proposition that drainage district was not liable for interest on an attorney's fee. I have no quarrel to make with any of the foregoing decisions. In my judgment they are all sound in principle and in reason. The trouble with these authorities is that none of them are applicable to the question at issue here. They all involve the question of whether or not the sovereign, or any governmental division, would be liable for interest in the absence of an express contract to pay same, and correctly hold, in my judgment, that there is no liability for interest.

My position as to the applicability of the cases relied on by the court on the foregoing proposition is well stated in the case of *Heiderheimer* v. *Ellis,* 67 Texas, 426, 3 S. W. 666. The general rule on the foregoing proposition is laid down in 33 C. J. 183. It is a matter of equity and justice that the insurance commissioner should make the state whole by paying the proper interest.

Counsel for insurance commissioner took the position that interest could not be allowed in this suit in cases where the principal has been paid on the theory that interest as damages is not recoverable, as such in a separate suit. In the first place, we responded to this contention by saying the principal sums and interest were originally demanded in every case. The record will show, where the principal sums have been paid, that the

revenue agent in his receipt reserved the right to collect the interest. So under the facts, I insist that even though interest is allowed as damages in this case, the fact that the principal has been paid does not affect the right of the revenue agent to recover damages in this case. In support of this contention, see 33 C. J. 255, 256, sec. 180.

Our statute fortified by the authorities cited seems to me to preclude any argument against my contention that the insurance commissioner is liable for interest. It, therefore, only remains to determine whether the same should be calculated on the tenth of the month following the date the books show said collections were made, as contended by the revenue agent, or from the date the insurance commissioner admits same should have been paid into the state treasury.

As to the date from which interest should be computed, I contend that the records of the insurance commissioner are presumed in law to be correct, and that this presumption, I respectfully submit, had not been overthrown by such proof as the law requires. The only evidence offered by the defendant on the question is that of Mr. S. P. Henry, the auditor checking the insurance commissioner's accounts, who testified that he had examined the deposit slips and offered to the court as the date on which the insurance commissioner collected these accounts, that shown by the deposit slips. At the time this evidence was offered, it was objected to as incompetent because secondary evidence. I still insist that my position is correct, and that such evidence should not be accepted. But, if the court does not agree with me on this question, I respectfully submit that the dates on the deposit slips are wholly insufficient to overcome the *prima-facie* case by the state. The rule controlling here is clearly stated in 9 Ency. of Evidence, 215.

Again on the question of proof our court held in the case of *Hemingway* v. *State,* 68 Miss. 371, 8 So. 317, that where the final settlement of an officer shows money to be due the state which he has failed to pay over to his suc-

139 Miss.—42.

cessor according to law, the burden is on the defendant to explain such failure. If the foregoing rule applies in a criminal case, there could be no doubt that the same doctrine is the law in a civil suit.

An officer is liable on his official bond for the failure to pay over money collected by virtue of his office, even though same were not due, and regardless of whether same was properly collected or not. *State* v. *Harney,* 57 Miss. 886; *Adams* v. *Saunders,* 89 Miss. 784, 42 So. 602; *Adams* v. *Saunders,* 93 Miss. 520, 46 So. 960; Opinions of the attorney-general, 1911-1913, page 217.; 2 Cooley on Taxation (3 Ed.), pages 1324, 1325; 22 R. C. L. 466.

Under the foregoing authority the duty of the insurance commissioner to pay over the said money is clear. It seems that if the insurance commissioner had had any desire to comply with the law and do his duty as to this money that he had ample time to find out what his duty was in the premises.

Interest on Such Sums as the Insurance Commissioner Negligently Failed to Collect and Pay into the State Treasury When Due. The theory upon which the revenue agent seeks to recover interest on the items shown by Exhibit No. 2 is because of the nonfeasance of the insurance commissioner in failing to collect the said sums when due. That he failed to do his duty in this respect is admitted.

The insurance commissioner here comes into a court of equity and asks the protection from this court against liability because he has failed to perform his duty as required by the statute. I respectfully submit that this constitutes no defense and he should not be heard to say that he should be excused from paying this interest because of his negligence. In this respect he has not come into equity with clean hands.

The law solemnly imposed upon the insurance commissioner the duty to collect all taxes due by the insurance companies, even by suit if necessary. Section 5075, Hemingway's Code, section 2612, Code 1906. A failure to do

so is a nonfeasance of duty for which an officer is liable on his official bond. By the insurance commissioner's negligence in the premises the state has suffered a loss and should be made whole.

The general rule as to the liability of an officer for the nonfeasance of his duty is stated in 22 R. C. L. 483. *Cox* v. *Lincoln County*, 2 Miss. Dec. 128; *Brown* v. *Lester*, 13 S. & M. 392; *Foote* v. *Van Zandt*, 34 Miss. 40; *Hupe* v. *Summer*, 43 L. R. A. (N. S.) 565; 10 Cent. Dig. (Clerks of Courts), pars. 130-141.

I desire to call special attention to the case of *Hupe* v. *Sommer*, 43 L. R. A. (N. S.) 565, wherein an officer was held liable for interest on money because of his failure to perform his official duty.

That the law clothed the insurance commissioner with ample authority will be seen by reference to certain sections of the statute which empower the insurance commissioner to rule the insurance companies with an iron hand. The sections of Hemingway's Code which I desire to bring to the attention of the court are sections, 5029, 5026, 5075, 5112, 5116 and 5134.

It is apparent from the facts in this case, and with the authority vested in the insurance commissioner, that the various sums on which interest is demanded could have been collected if the insurance commissioner had exercised any diligence whatever. I, therefore, submit, taking either theory, that is to say, our *prima-facie* case, showing that collections were actually made, or accepting the insurance commissioner's theory to the effect that the collections were not made on account of his negligence, the state is entitled to recover interest.

*George Butler*, for appellees.

(1) It is respectfully submitted that this court should not override the chancellor's finding of fact. *Starnes* v. *Nation*, 97 So. 881; *Lot* v. *Hall*, 104 Miss. 308; *Reichman Crosby Co.* v. *Dinwiddie*, 117 Miss. 103; *Johnson* v. *Board*

*of Supervisors,* 113 Miss. 435; *Bank* v. *Cole,* 111 Miss. 39; *Humber* v. *Humber,* 109 Miss. 217; *Evans* v. *Sharbrough,* 106 Miss. 687; *Lee* v. *Wilkerson,* 105 Miss. 358; *Bland* v. *Bland,* 105 Miss. 478.

(2) It is insisted that the insurance commissioner should be charged with interest on those items collected by him prior to the revenue agent's demand and not paid to the state treasury on the tenth of the month following, and also interest on such sums as the revenue agent claims the insurance commissioner might have collected and failed to collect.

The insurance commissioner earnestly insists that under the statutes and laws of the state of Mississippi, no interest can be allowed on such items as were collected by the insurance commissioner and not paid in at the time they should have been paid in, or on items which he had not collected.

In a number of states it is held that interest is allowed as damages for the failure to pay over money. Not so in Mississippi. Section 2678 fixes the legal rate of interest on notes, accounts and contracts at six per cent. Section 2680 provides for interest on judgments and decrees; section 4357 provides for six per cent interest against sheriffs as tax collectors for failure to pay when due; Sections 4201 and 4247, Hemingway's Code provides interest on funds not paid over by state and county depositories at the time they should have been paid over, but nowhere do the statutes provide for interest where the insurance commissioner does not pay over on the date required, unless that provision can be found in section 2678, providing for six per cent interest on accounts.

The courts of this state are thoroughly committed to the doctrine that interest is not allowed unless it exists by positive statute. *Eastin* v. *Foster,* Walker (Miss.) 214; *Hamer* v. *Kirkland,* 25 Miss. 96; *Supervisors* v. *Klein,* 51 Miss. 817; *Clay County* v. *Chickasaw County,* 64 Miss. 534; *Railroad Co.* v. *Adams,* 78 Miss. 895.

But it is said that the word "accounts" used in section 2678, Code 1906, comprehends and includes the items

in question, and that under this section the state is entitled to interest. The liability here to pay over at a certain time is purely statutory, and the supreme court in a number of cases has held that the word "accounts" used in section 2678 applied only to contractual obligations and not to obligations or liabilities created by statute.

In *Clay County* v. *Chickasaw County, supra,* the court expressly held that a liability created by a statute would not bear interest. In other words, that the liability was statutory and the general provisions providing for interest on notes, accounts and contracts was not applicable.

Section 3099, Code 1906, provides in substance that actions on open accounts shall be barred in three years. In *Levee District* v. *R. R. Co.,* it was held that that statute which is similar in language to section 2678 related only to actions founded on contracts, express or implied. *In Railroad Co.* v. *Adams,* 78 Miss., *supra,* the court quotes the two sections of the Code of 1892, which are substantially the same as the sections of the Code of 1906, with regard to interest on notes, accounts and contracts, and interest on judgments and securities, and says: "Unless a contractual relation exists or judgment has been obtained our statutes do not authorize the recovery of interest." In *County* v. *Collier,* 87 Miss. 204, it is expressly held that an officer's claim for salary is not an account.

Interest is not allowable on the items in controversy, unless this court is prepared to depart from the rule heretofore prevailing in this state. The rule that interest with us is statutory and could not be allowed except in cases provided for by statute, was first laid down in Mississippi at the June Term, 1826, nearly a century ago. Since that time conventions, legislatures and courts have come and gone, but none of them have seen fit to change the rule. If the legislature or the makers of the Constitution had been dissatisfied with the rule, they have

had ample opportunity during all these years to change it. It has not been changed and should not be changed in this case, or any other case in this court.

There is no merit in the claim of the revenue agent to interest on items which the insurance commissioner had not collected. Counsel say that they predicate the right to recover these items on the non-feasance of the insurance commissioner in failing to collect these sums when due.

The insurance commissioner in his answer denied that he had been guilty of negligence. He denied that he had failed to exercise diligence. In other words, instead of admitting the things and affirmatively stating these things he denied *seriatim* and specifically all charges of negligence. The insurance commissioner does not come into court and ask protection against liability because he has failed to perform a duty required by the statute. He does not come into court with unclean hands. He is brought into court at the suit of the revenue agent upon whom the burden was cast of alleging and proving facts which would entitle him to recover against the insurance commissioner. The insurance commissioner denied liability for any items, denied negligence, and to show his good faith in the transaction, paid into court a large sum of money which he asked to be credited upon any liability that might be finally adjudicated against him by this court.

Counsel quote from 22 R. C. L. to the effect that "a ministerial officer is liable civilly in damages to any person directly injured by an omission of duty."

We do not deny, when properly understood, the rule there announced. Mechem and the editor of the Ency. of Law use the words "private person" instead of "person," "Person" or "private person" does not include the state. The state's remedy for the failure of an officer to collect monies due it in a criminal prosecution, is an indictment, a conviction and removal from office, and not a civil suit for the amount of money which ought to

have been collected, unless there is an express statute making such officer liable.

The cases which counsel cite as supporting his view are not in point. Each of them was where a private person had been injured by the misfeasance of a ministerial officer. We challenge him here now to produce a case where the courts have held, in the absence of statute, that officers are liable to the state for failure to collect money due the state. The case of *Hupe* v. *Somner,* was where a public officer refused to pay a contractor for monies due him under a contract.

See, 23 Am. & Eng. Ency. of Law, 372, where the rule is laid down as follows: "It seems that a public officer is not a mere agent or servant who is responsible as such to the government or other public body, for damages arising from his neglect of duty, unless it is so provided by statute." See, too, *First Parish* v. *Fisk,* 8 Cush. 264, 54 Am. Dec. 755.

The legislature of this state knowing that the rule of law above mentioned obtained in a chapter on revenue, charged the county tax collector for the aggregate of taxes shown on the personalty and realty rolls, and provided a method for the tax collector getting credit for uncollected items. Section 3908, Code 1906, makes the sheriff liable for failure to collect privilege taxes. In the same manner he is made liable for the failure to collect *ad valorem* taxes, but there is no such provision imposing such liability on the insurance commissioner (who it is decided by this court in the case of *Henry* v. *Coody,* 130 Miss. 855, is not a tax collector), so that we say the evidence showed, and the chancellor found that the insurance commissioner had not been guilty of negligence, and moreover, even if he had been guilty of negligence in failing to promptly collect, he would not have been liable to the state for the monies which he did not collect, in the absence of the statute so making him liable.

Argued orally by *H. T. Odom,* for appellant, and *Geo. Butler,* for appellee.

ANDERSON, J., delivered the opinion of the court.

This case come up from the chancery court of the first district of Hinds county. Appellant's predecessor in office, Stokes V. Robertson, filed his bill against appellee T. M. Henry, insurance commissioner, and the surety on his official bond for various amounts alleged to have been collected by appellee as such insurance commissioner and not paid in to the state treasury by him as required by law. There was a trial on original bill and amendments thereto and answers and proofs resulting in a decree for appellant in the sum of five hundred seventy-three dollars and seventy-nine cents, from which decree appellant prosecutes this appeal.

We will consider first the question whether appellee was liable for interest on the amounts which he failed to pay in to the treasury at the times required by statute, but paid in during the progress of this cause for which he received credit by decree of the court. The statute provides that the insurance commissioner shall furnish the auditor, on or before the tenth of each month, a statement in detail of the license taxes received by him during the previous month, and shall pay to the treasurer the full amount so received. Section 2628, Code of 1906 (section 5094, Hemingway's Code). It was shown that in the aggregate a large sum in license taxes collected by appellee was not paid in to the treasury as required by the statute. Appellant concedes, as contended by the appellee, that interest in this state is a creature of statute, and without a statute authorizing it, interest as such is not recoverable. But appellant contends that under our statute, section 2678, Code of 1906 (section 2075, Hemingway's Code), which allows six per cent. interest on accounts, interest is recoverable in this cause upon the ground that the dealings between the state and appellant in his official capacity, as evidenced by the books and records in his office in connection with those in the auditor's office and the office of the state treasurer, showing

collections by him and payments into the state treasury, simply constitute an account between appellee and the state in the meaning of that statute. Appellee contends that such dealings do not constitute an account in the sense of the statute, and there being no other applicable provision of the statute authorizing interest, therefore none is recoverable.

One thoroughly well-established definition of an account is that it is a detailed statement of items of debit and credit arising either out of contract between the parties or some fiduciary relation. 1 C. J. 596, 597, sections 1 and 3. Chief Justice SHAW in *Whitwell* v. *Willard,* 42 Mass. (1 Metc.) 216, in defining what an account was, said among other things: "It implies that one is responsible to another for moneys or other things, either on the score of contract or of some fiduciary relation, of a public or private nature, created by law, or otherwise."

A public officer, required to collect and pay over public funds who makes default in payment at the time required of him, is liable for interest upon the amount so retained from the time when it should have been paid over. Mechem on Public Officers, p. 911; 29 Cyc. p. 1489; *McPhillips* v. *McGrath,* 117 Ala. 549, 23 So. 721.

Appellee lays special emphasis on *Railroad Co.* v. *Adams,* 78 Miss. 895, 29 So. 996, as decisive of this question in his favor. That was a case in which the revenue agent sought to collect, from the Illinois Central Railroad Company, delinquent taxes. The court held that interest on delinquent taxes was not recoverable, since interest was not allowed at the common law, and there was no statute allowing interest in a case of that kind. We do not think that case is in point. It certainly is not decisive of the question here involved. There was no contract between the railroad company and the state by which the railroad company undertook to pay the taxes it was justly due. And neither was there any fiduciary relation between the railroad company and the state by virtue of which it became the duty of the former to pay the latter the taxes it was justly due.

In the present case there was such a fiduciary relation. Appellee was a state officer empowered to collect certain license taxes. He occupied a relation of trust toward the state. In fact, the predominant feature of his office was one of trust. His dealings with the state, evidenced by items of debit and credit required to be shown by the records of his office, constituted an account growing out of that relation. He was required by section 2628, Code of 1906 (section 5094, Hemingway's Code), to render monthly, on the tenth of each month, an accounting to the auditor showing in detail the "taxes and licenses received by him." The auditor of the state is denominated by the Constitution (section 134) and the statutes on the subject of his duties as "auditor of public accounts." And section 239, Code of 1906 (section 3498, Hemingway's Code), prescribing in part his duties, is in this language:

"It shall be the duty of the auditor to examine, state, settle, and audit all accounts, claims or demands whatsoever against the state, arising under legislative authority, and to issue to every claimant authorized to receive the same a warrant on the state treasury, under his hand and seal of office, making due entry and registry of all proceedings in books to be kept for that purpose, and carefully arranging, filing and preserving in his office all accounts, receipts, vouchers and papers touching the same. It shall also be his duty to examine, audit and settle the accounts of all public debtors and collectors of any tax or revenue due to the state; to require such debtors to render accounts and pay into the treasury all sums or balances due, and, on failure so to do, to institute proceedings against them. He shall require any material information, on oath, from any person or persons, party or privy to any matter relative to any account under examination. And he shall state and keep his accounts so as to show the amount of all warrants drawn by him on the treasurer, and for what service or item of public expense they were given; and he shall submit his

accounts and books to the inspection of the legislature or the Governor when required."

Appellee also relies on *Clay County* v. *Chickasaw County,* 64 Miss. 534, 1 So. 753. But there is no support for him in that case. As to interest, that case simply held that Chickasaw county could not recover interest from Clay county for two reasons: First, because the statute creating the liability on which interest was claimed made no provision for interest, and second, because counties were not embraced in the general statute on the subject of interest. We hold therefore that the state's claim against appellee consisted of an account coming squarely within the definition of an account given by Chief Justice SHAW quoted above, as well as the other authorities cited.

The trial court found, and there was sufficient evidence to justify the finding, that appellee's defalcation was not brought about by any moral turpitude on his part, but resulted from the fault of a trusted deputy. And as we understand the record, that fact was influential, if not controlling, with the court in relieving appellee from liability for interest for failure to pay over as required by the statute. Interest is not imposed as a penalty for wrongdoing, it is allowed by law on accounts for money overdue, and is allowed as compensation for its detention, whether such detention be in good faith or bad faith.

Charging appellee with interest, when should interest begin to run? Appellant urges that interest was due from the dates at which appellee should have, under the law, collected the license taxes in question. We disagree with appellant in that contention. As held by this court in *Eastin* v. *Vandorn,* Walk. (Miss.) 214, *Board of Supervisors* v. *Klein,* 51 Miss. 817, and *Railroad Co.* v. *Adams, supra,* interest is the creature alone of statute. The legal rate of interest on accounts is six per cent. per annum, and accounts do not bear interest until they are due, unless there be a contract providing otherwise. Under the statute (section 2628, Code of 1906 [section 5094,

Hemingway's Code]) appellee was required to make monthly accountings and settlements on the tenth of each month for the license taxes received during the previous month. Therefore his accounts were not due the state until the tenth of each month. And he is not liable on the ground of neglect of duty for interest from the monthly settlement periods on taxes which could and should have been collected by him for the previous months. We hold that interest began to run from the time the monthly settlements were due on collections actually made for the previous month. And we hold that interest should be allowed on what is known in the record as the W. L. Nelson collection of five hundred dollars and the Mississippi Fire Insurance collection of two thousand one hundred thirteen dollars and twenty-seven cents. There is no dispute about the other collections, which should bear interest.

Another question in the case involves the right of appellant to recover his commissions of twenty-per cent of a collection of five hundred dollars, for which appellee made settlement after the suit in this cause was begun. Appellee paid the whole five hundred dollars into the state treasury instead of paying four hundred dollars in to the state treasury and paying to appellant one hundred dollars, his statutory commission or paying the entire five hundred dollars to appellant. The statute governing the compensation of the revenue agent is section 4748, Code of 1906 (section 7066, Hemingway's Code), which is in this language:

"Neither the state nor any county, municipality, or levee board shall be chargeable with any fees or expenses on account of any investigation or suit made or instituted by the state revenue agent; and he shall not receive any salary; but he shall be entitled to retain, as full compensation for his services and expenses, twenty per centum of all amounts collected and paid over by him, and of the purchase money of all lands bid in for the state by him and sold by the land commissioner."

It was held in *Adams* v. *Bolivar County,* 75 Miss. 154, 21 So. 608, that the revenue agent, having given the re-

quired notice, was entitled to his compensation whether suit had been brought or not, if his investigation was the cause of the money being paid over by the defaulting taxpayer, and that the revenue agent could not be deprived of his commissions, by the defaulting officer paying the money into the treasury. Under the statute, the revenue agent is entitled to recover for the state eighty per cent. of the amount due by the defaulting officer, and for himself twenty-per cent. of the amount. The state has no interest in his commission of twenty per cent. Appellee had no right to pay the five hundred dollars into the state treasury. In fact, it would have been more regular under section 4739, Code of 1906 (section 7057, Hemingway's Code), if the entire amount had been paid over to the revenue agent. He was authorized to collect it with or without suit, and, when collected, his interest in the collection was twenty per cent. of the amount. He was not required to pay the whole amount in to the state treasury, and then make claim against the state, if that could be done for his commission of twenty per cent. Appellee, by paying into the state treasury appellant's commissions, did not acquit himself of his obligation under the law to appellant. He was due to pay that to appellant and no one else.

We find no merit in the other contentions on behalf of appellant. Therefore, in all other respects the decree of the chancellor is affirmed. It is reversed, and remanded alone for the purpose of the ascertainment and allowance of interest in accordance with this opinion.

Affirmed in part, and reversed in part, and remanded.

*Affirmed.*

*Reversed and remanded.*

McGOWEN, J. (dissenting).

The writer is so thoroughly convinced that the majority opinion clearly overlooks and fails to meet and recognize the rule in Mississippi on the question of interest, that I feel it my duty briefly to call attention to the position which I assume, as to the decision of this case.

On the facts, the chancellor found that there was no unlawful conversion on the part of Henry, the insurance commissioner, but that the insurance commissioner failed to turn over, at the time required by law, moneys which came into his hands as commissioner; and the lower court held, no doubt upon the apparent authority of the decisions of our own court, that Henry was not liable for interest. Under this state of facts and believing that the Brethren joining in the majority opinion have wholly ignored the decisions of our own court and the position of Mississippi on the question of interest, I shall call attention to these decisions, and not undertake to enter into an argument thereon. In our state, interest is the creature of statute, and the statute imposing interest is in derogation of the common law and must be strictly construed, and in the absence of a specific statute, the common law controls our decisions. The majority opinion is based upon section 2678 of the Code of 1906, which is as follows:

"Legal rate. The regal rate of interest on all notes, accounts and contracts shall be six per cent. per annum; but contracts may be made, in writing, for a payment of a rate of interest as great as eight per centum per annum. And if a greater rate of interest than eight per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory. If a rate of interest is contracted for or received, directly or indirectly, greater than twenty per cent. per annum, the principal and all interest shall be forfeited, and any amount paid on such contract may be recovered by suit." Laws 1912, chapter 229. In effect January 1, 1913.

It will be noted that interest is imposed on notes, accounts, and contracts. In my opinion, we do not have to appeal to the lexicon to ascertain the meaning of the word "account," and the meaning which has been placed upon it by our court, and by the legislature almost since Mississippi became a state. We think it is clear that

"accounts" here means those items of debit and credit which arise from a contractual relation; and that the word "accounts" here means that character of dealing between parties which would constitute a contract, and not necessarily statutory obligations. I have no quarrel with the dictionary definition of the word "accounts," but I believe it has been clearly settled that there must be a relation of contract between debtor and creditor in order to be able to invoke this statute for the imposition of interest. Interest is not imposed in Mississippi by way of damages, but is imposed under the statutes, and in no other way. In *Eastin* v. *Vandorn*, Walk. (Miss.) 214, it is said: "The subject of interest is one of statutory creation. Interest was not allowed by the common law. As judgments, in March, 1806, did not by any statutory provisions bear interest, the clerk erred in issuing his execution for interest on the judgment."

In *Hamer* v. *Kirkwood*, 25 Miss. 95, Chief Justice SMITH said, in passing upon the question of interest upon a judgment: "The propriety of this determination of the court on the first question, depends entirely upon the statutes in regard to interest upon judgment debts; as neither debts due by contract, nor by judgment, would bear interest, unless made to do so by positive legislation."

In *Board of Supervisors* v. *Klein*, 51 Miss. 807, our court said: "Interest is the creature of statute, and our statute does not embrace county warrants. The common understanding of the community is, that they do not bear interest. . . . It is not in the contemplation of persons to whom warrants are issued that they are to carry interest. Our statute (section 2279, Code), has reference to the contracts of individuals, and not of the state or counties, which are not supposed to be included in any statute imposing burdens, unless specially named or fairly embraced in the language used. Section 2281, as to judgments, embraces only those between individuals, enforceable by execution, and does not include al-

lowances by boards of supervisors, which, though called judgments, are not strictly such in the legal acceptation. The demand of payment of county warrants does not create any right to interest from that date. Not bearing interest, they cannot be made to bear it by a demand of payment.''

If Henry shall be said to owe an account to the state, it would be a poor rule that would not work both ways, especially where the legislature has had opportunity to impose interest on this particular official and has not done so, unless it be in the use of the word ''account'' in the statute here under review. In the case of *Clay County* v. *Chickasaw County,* 64 Miss. 534, 1 So. 753, our court said, in passing upon a claim for interest in favor of Chickasaw county as against Clay county: ''The claim of Chickasaw county does not arise *ex contractu,* but it is purely statutory. The statute of May 4, 1872, by which the liability was created, makes no provision in regard to interest.''

The word ''account'' was in the statute when the court delivered this opinion, and yet they held that the account must be *ex contractu,* and not an account created by statute unless interest was positively imposed in that statute.. In *Railroad Co.* v. *Adams,* 78 Miss. 895, 29 So. 996, the court had under review interest on a judgment for a large amount in favor of the state against the railroad company for taxes, and there the court set this question absolutely at rest. Quoting from the opinion, *supra:*

''Can interest upon delinquent taxes be recovered upon an injunction bond by designating it as 'damages'? If it can be thus recovered, it surely would be recoverable in, a direct suit therefor. The basis for recovery must be the same in both instances. Calling interest 'damages' could not operate to make that liable which was not liable under the name of interest. Interest is entirely statutory. It was not allowable by the common law, and exists only by positive legislation. *Easton* v. *Foster,* Walker Rep. 214; *Homer* v. *Kirkland,* 25 Miss. 96.

"Our statute provisions authorizing the recovery of interest are found in sections 2348 and 2350, Code 1892, and they provide as follows: 'The legal rate of interest on all notes, accounts and contracts shall be,' etc., and 'that all judgments and decrees founded on any contract shall bear interest,' etc., and other judgments and decrees at six per centum. Unless the contractual relation exists or judgment has been obtained, our statutes do not authorize the recovery of interest, and it is clear that that relation does not exist as between the government and the citizen regarding the levy of taxes, in the sense in which the interest statute refers to."

The learned counsel who presented the cause, *supra*, for the appellee, the state, urged that the judgment statute, as to interest, clearly controlled their right to interest, where the suit was based upon the injunction bond. The point I am calling attention to is that the court again and again declared that the interest must be imposed under the statute by virtue of a contractual relation, or else by direct positive legislation. Of course, there is no positive direct legislation in the instant case, unless it is in the section embracing the word "accounts."

We are simply trying to show that our court has always held that accounts have reference to an account created by virtue of a contractual relation. Our court has announced that taxes are a debt, and section 3747 of the Code of 1892 declares taxes a debt. In the case *supra*, the court, reannouncing this view, held that no contractual relation existed; that neither the tax, nor the judgment for the tax, was subject to interest under either of the statutes quoted.

The insurance commissioner and all the chapter with reference to him is the creature of a statute. It is not a constitutional office. The legislature created it at its will, and may at any moment destroy it. The legislature saw fit not to create any interest charge as against the insurance commissioner, nor any penalties in the way of damages in lieu of interest. I have endeavored to

show, by statement of the decisions of our own court, that we are committed to the doctrine that interest must be imposed by positive legislation, or else be imposed on account of contractual relations. I think the word "account" in our statute has been held to be that kind of an account which arises by reason of the contractual relation between the parties. Where the liability is imposed by statute independent of contract and not by contract then interest must be specifically imposed by that statute.

In early times interest was called usury, looked upon with great disfavor, prohibited by the Mosaic Law, under severe and rigid penalty by the old English laws, the church thundered anathema, and the state declared forfeiture against taking any interest, great or small. John Calvin, the churchman, announced that the true meaning of usury was illegal or oppressive interest, and the allowance was finally sanctioned by statute in 1545 in England. In the United States, from the outset, interest has been viewed with more tolerance and with greater favor than by the English courts. Legislative construction of a statute is persuasive when there is difficulty in its construction, and, if this should be resorted to in the case, it is clear that the legislature has been aware of the clear cut decision in the *Adams case, supra,* and the other cases cited.

The obligation to pay over and the handling of a sheriff and tax collector is not different from the character of account between the state and the insurance commissioner, yet section 4357, Code 1906, fixes the date, the time of the month when he shall pay over taxes collected by him; imposes thirty per cent. penalty and six per cent. per annum thereon from the time the payment was due to have been made by the tax collector, thus imposing usury in its own favor, if it be called interest, but not so if we term it a penalty. This statute has been in effect since 1904. I think it is a fair inference that the legislature took the view, that money collected by one of its servants was the money of the state, and not subject to interest, but that any reasonable penalty could be imposed.

Another instance where the legislature has construed section 2678 of the Code of 1906 is found in our Depository Laws, where, under section 4247, Hemingway's Code, counsel fees and· damages at the rate of one per cent. per month against any county depository failing to pay over any county funds when lawfully demanded, and this statute was approved in the case of *Fidelity & Deposit Co.* v. *Wilkinson County,* 109 Miss. 879, 69 So. 865.

I might cite other instances of legislative construction of our Interest Statute by imposing interest and damages upon certain officials, and not imposing that or ·similar damages upon others. In the light of the decision in the Adams and other cases, failure of the legislative branch of the government to act is, by tacit consent, an approval of the opinion in that case that only accounts or debts created by contract are subject to interest in Mississippi.

I think the chancellor was correct in holding that Henry was not subject to pay the state interest upon its own funds, because of a failure to pay over on the day named in the statute, freely admitting that the legislature could, and perhaps ought, to have imposed a penalty upon the insurance commissioner. Having failed to do so, I respectfully suggest that it is beyond the power of the court to thus legislate.

Holden, J., concurs in the above dissent.