MILLER, STATE REVENUE AGENT, v. HAY et al.*

(Division A.    Oct. 18, 1926.)

[109 So. 791.    No. 25565.]

COUNTIES. *Evidence held not to authorize removal of state revenue agent from control of suit to foreclose trust deed securing alleged illegal loan from county bond seeking fund.*

    Evidence *held* not to authorize removal of state revenue agent from control of suit instituted by him for foreclosure of trust deed securing alleged illegal loan from county bond sinking fund on theory that he was not conducting action in such manner as represented best interests of county.

 

*Corpus Juris-Cyc. References: Counties, 15CJ, p. 665, n. 67.

APPEAL from chancery court of Washington county. HON. E. N. THOMAS, Chancellor.

Suit by W. J. Miller, state revenue agent, against J. C. Hay and wife and Torrey Wood and others, as members of the board of supervisors of Washington county, wherein defendants last named filed a petition asking that the suit be taken out of the hands of the plaintiff, and that the board be permitted to intervene and take full charge. Decree authorizing the intervention, and plaintiff appeals. Reversed, and remanded.

See, also, preceding cases, in this volume; also reported 106 So. 818; 109 So. 16.

Argued orally by *M. P. Lowrey,* for appellant, and *S. V. Anderson,* for appellee.

Reporter's Note: Points of law growing out of this litigation were decided in two former opinions set out in this volume immediately preceding this decision on the merits. Briefs of counsel on the law, are there set out at length. Space here forbids setting out the elaborate arguments on the facts, by *Boone, Lowrey & Boone* and *J. H. Sumrall,* for appellant, and *S. V. Anderson* and *Percy & Percy,* for appellees.

COOK, J., delivered the opinion of the court.

W. J. Miller, state revenue agent, filed a bill in the chancery court, for the use and benefit of Washington county, against J. C. Hay and his wife, Vivian E. Hay, and Torrey Wood, W. N. Jeffreys, C. C. Dean, and George F. Archer, members of the board of supervisors of Washington County for the term beginning in 1920 and ending January 1, 1924, and the sureties on their official bonds, charging, in substance, that in December, 1923, the said board of supervisors had loaned to the defendant J. C. Hay the sum of twenty-six thousand seven hundred forty-eight dollars and thirty-one cents out of the bond sinking funds of said county, which said loan was secured by a deed of trust on real estate of the value of only sixty thousand dollars; that the said loan was illegal and fraudulent, for the reason that the sum loaned was largely in excess of the amount of such funds that might lawfully be loaned upon security of the value named; that the said unauthorized and illegal loan was made by collusion between the said members of the board of supervisors and the said defendants J. C. Hay and his wife, Vivian E. Hay; that by reason of the violation of the statute then in force regulating such loans the members of the board of supervisors became personally liable for the amount of the loan, and especially for any loss sustained by the county by reason of the illegal disposition of said funds; that the said defendants J. C. Hay and Vivian E. Hay were estopped to take advantage of the said illegal and invalid actions of the board of supervisors in making said attempted loan, and, consequently, the complainant has the right to have the said deed of trust foreclosed and the proceeds applied to such decree as might be rendered against the several defendants. There were alternative averments in the bill to the effect that in any event a portion of the

indebtedness was past due, and the complainant was entitled to have the entire indebtedness declared to be due, and, to have the security foreclosed, but, since the merits of the cause are in no wise involved in this appeal, we deem it unnecessary to set forth the averments of the bill in detail.

The several defendants filed demurrers and answers to the bill of complaint, and on October 19, 1925, the complainant filed with the chancery clerk a *lis pendens* notice, and the same was properly recorded in the office of the chancery clerk.

On the 27th day of October, 1925, the board of supervisors filed a petition charging that the revenue agent was not representing the best interest of Washington County in his manner of conducting the litigation, but was acting in a manner hostile thereto; that the best interest of the county required that the management and control of the suit should be taken out of the hands of the revenue agent and placed with, the board of supervisors, to be conducted solely by its attorney, and praying that the board be permitted to intervene in the suit and take full charge and control of same. The grounds for the removal of the revenue agent, as stated in the petition, were, in substance, that, he failed and refused to comply with a request of the board of supervisors to dismiss the suit, and that, at a time when the defendant J. C. Hay was negotiating for, and had practically consummated, a loan from an insurance company in an amount sufficient to pay his indebtedness to the county, the revenue agent filed with the chancery clerk the *lis pendens* notice, and also notified the agent of the insurance company that any, settlement of the loan should be made through the office of the revenue agent, otherwise the suit would be proceeded with for the commissions due the revenue agent, and that by so doing he pursued a course which he well knew would render the loan impossible, and which was calculated to cause a loss to

the county of Washington, and a great loss and expense, possibly the loss of his property, to the said J. C. Hay, a taxpayer of Washington County.

Upon the hearing of this motion, there were introduced in the evidence two letters written by the attorneys for the revenue agent, one addressed to the defendant J. C. Hay, and the other addressed to the agent of the insurance company which was negotiating with Hay for a loan. The letter to Mr. Hay notified him that information had been received that he was negotiating a loan on the property, and would attempt to make payment of his loan to the county through the board of supervisors, thereby ignoring the revenue agent; that it would be the contention of the revenue agent, that he had the sole authority to collect and receive the amount due the county, and for which suit was pending; and that a cancellation of the deed of trust upon payment to any one other than the revenue agent would not be recognized by him, but the pending suit would be proceeded with to collect the twenty per cent commission due the revenue agent, as provided by law; and that he would endeavor to subject the land involved to foreclosure under the deed of trust for the purpose of paying this commission. The letter to the agent of the insurance company was of similar import to the letter to Hay, but, in addition, it was expressly stated that the revenue agent was not attempting to thwart Mr. Hay's efforts to procure a loan on the property involved in the litigation, but, on the contrary, he would be glad to co-operate with Mr. Hay in procuring the loan, and would execute the necessary cancellation of the deed of trust upon the payment to him of the amount of the indebtedness for which the suit was pending. It was also shown that upon the filing of the *lis pendens* notice and the receipt of this letter from the revenue agent the agent of the insurance company advised his principal to abandon the negotiations for the loan. At the conclusion of the tes-

timony on this motion, the chancellor entered a decree adjudging that the revenue agent was not properly and in good faith conducting the litigation for the interest of Washington County, and ordering that the revenue agent be entirely deprived of the power and authority to represent the county in said litigation, and that the board of supervisors be allowed to intervene and take full control and exclusive charge of the said litigation through its own attorney, and directing the said board of supervisors to appear and file such appropriate pleadings and take such action as it deemed best.

It will be unnecessary to here pass upon the question as to the power of the court to entirely remove from the control of a suit one representative of the county and substitute another where several different officers are by statute given concurrent right to sue on behalf of a county. If it be conceded that the court has such power, we are clearly of the opinion that the facts shown in this record did not justify the exercise of such power. The revenue agent is by statute authorized to sue on behalf of the county, and the merits of the present suit could not be passed upon or determined upon the hearing of this motion, and the exercise of the right to remove the revenue agent in this case could only be based upon the fact that he filed a *lis pendens* notice and wrote the two letters hereinbefore referred to. The suggestions and contentions made by the revenue agent in these letters were in accord with the holdings of this court in prior decisions, and especially the case of *Miller* v. *Henry,* 139 Miss. 651, 103 So. 203, and there was nothing therein which would authorize or justify his removal from all control of the litigation. Consequently, the decree of the court so removing him and substituting the board of supervisors as complainant will be reversed, and the cause remanded.

*Reversed and remanded.*