214 So.2d 817 (1968)
STATE of Mississippi ex rel. Hampton KING, State Auditor and Joe T. Patterson, Attorney General
v.
Hobson HARVEY et al.
No. 45015.
Supreme Court of Mississippi.
October 21, 1968.
*818 Joe T. Patterson, Atty. Gen., by Martin R. McLendon, Asst. Atty. Gen., Jackson, for appellants.
O.B. Triplett, Jr., W.A. Huff, O.G. Idom, Forest, for appellees.
ETHRIDGE, Chief Justice:
This is the second appearance of this case. Taxpayers brought suit in the Chancery Court of Scott County against Hobson Harvey, a member of the Board of Supervisors of Scott County, and his surety company, for an accounting, judgment and injunction because of the alleged unlawful use of county machinery, materials and *819 labor for the benefit of private citizens on unauthorized projects. The chancery court dismissed the bill, but on appeal this Court reversed in part, and held that the evidence established misuse of county machinery, materials and employees on certain private properties. Saxon v. Harvey, 190 So.2d 901 (Miss. 1966). It was said that "an accounting should be had to determine the cost to the county of the above designated projects * * *" The opinion concluded:
The cause is remanded for an accounting as to the remaining charges of misuse of public equipment, materials, and employees, and for an injunction to issue from the trial court enjoining the defendant from similar unauthorized activities, and finally, for a judgment, in accord with the accounting, against Harvey and his surety, payable to the county, * * * (Saxon v. Harvey, 190 So.2d at 908 (Miss. 1966).
On remand, the chancellor permanently enjoined Harvey from using public equipment, materials and employees to construct or otherwise improve private driveways and roads. This injunction is not now an issue.
The State Auditor and Attorney General intervened and moved the court to require defendant Harvey or his sureties to file a written accounting with the court, showing the costs to Scott County of the use of public equipment, materials and employees, as found by this Court to have been misused by Harvey. The motion averred that the State Auditor had caused an audit to be made of the ten projects upon which the Court had adjudicated liability and upon the one project which the court left open as to liability and accounting; and that the audit included actual measurements of culverts and materials used on the projects, with comparisons of comparable, estimated costs. The motion had attached to it an exhibit consisting of a summary of that audit.
The chancery court overruled this motion for a written accounting, holding that our opinion did not require one to be filed, but merely directed an accounting on the retrial and a judgment in accord with it.
Accordingly, the case proceeded to trial with the defendant supervisor assuming the burden of going forward with testimony by various witnesses. This was the only accounting defendant made. He and other witnesses testified about the various projects, and the State offered rebuttal, oral and documentary evidence. The final decree gave the State, for the use and benefit of District 2 of Scott County, a judgment against Harvey for $715.42.
The chancery court erred in overruling the State's motion for a sworn written accounting by Harvey as to the projects involved. This Court remanded the case to the trial court for an accounting. Equity jurisdiction for an accounting in a complicated matter is well established. Griffith, Mississippi Chancery Practice § 24 (2d ed. 1950). An accounting is by definition a detailed statement of the debits and credits between parties arising out of a contract or a fiduciary relation. It is a statement in writing of debts and credits or of receipts and payments. Thus an accounting is an act or a system of making up or settling accounts, consisting of a statement of the account with debits and credits arising from the relationship of the parties. Black's Law Dictionary 34-36 (4th ed. 1957). An accounting by a trustee involves not only a statement by him of debits and credits but also the responding to liability incurred on account of mismanagement of the trust fund. 1A Words and Phrases, pp. 364-367 (1964); 1 C.J.S. Accounting § 39b (1936); cf. Miss.Code 1942 Ann. § 631 (Supp. 1966) (annual accounts of executors and administrators). In Miller v. Henry, 139 Miss. 651, 103 So. 203 (1925), this Court said:
One thoroughly well-established definition of an account is that it is a detailed statement of items of debit and credit arising either out of contract between the parties or some fiduciary relation. * * * Chief Justice Shaw in Whitwell *820 v. Willard, 42 Mass. (1 Metc.) 216, in defining what an account was, said among other things: "It implies that one is responsible to another for moneys or other things, either on the score of contract or of some fiduciary relation, of a public or private nature, created by law, or otherwise." (139 Miss. at 665, 103 So. at 204).
In summary, when this case was remanded to the chancery court for an accounting in numerous and complicated matters the defendant should have been required to file a detailed, written accounting under oath, itemizing in particular the costs to the county of the use of public equipment, materials and labor in the projects in question. This written account by defendant should be filed with the court at a reasonable time in advance of the hearing thereon, in order that the State may examine it and make appropriate objections and exceptions to it. In this way there will be a full, written statement by defendant of his accounting, with ample opportunity to the State to make such exceptions to it as it desires. The method used in the trial court was wholly inadequate to conform with this procedure.
Further, the defendant as the responding trustee has the burden of proof, and as a part of his accounting he should support it with pertinent affidavits, engineering surveys, or any other relevant, supporting evidence which might be available.
The trial court also erred in sustaining objections to certain testimony of Maxwell Huff, a consulting engineer offered by appellant, who proposed to testify as to the results of his engineering surveys showing quantities of materials in place and other related facts. This witness did not know how much of these materials in place had been delivered with county equipment and labor, but his testimony was relevant to the issue of misuse of county equipment and labor. Moreover, it was error to sustain objections to certain testimony of Ed Pettis, an employee of the State Department of Audit, as to the county records on comparable costs. This testimony was of probative value on the issue of costs to the county.
We do not think that the traditional trust rule is literally applicable, to the effect that where commingling of trust property with other property is through the fault of the trustee, the entire mass will be treated as trust property or funds, except insofar as the trustee may be able to distinguish the two. However, this doctrine may be pertinent, in that the defendant has the burden of proof of showing the costs to the county of the use of county equipment, materials, and labor. Neither party should attempt to rely upon the record in the two preceding trials of this matter for the purpose of disposing of any issues pertinent to the accounting directed to be had in this proceeding.
Reversed and remanded.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.