# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-IA-00099-SCT

*BRIGGS & STRATTON CORPORATION,*
*AUTOMOTIVE ELECTRIC CORPORATION d/b/a*
*ENGINE POWER DISTRIBUTORS, RICK*
*HIGGINBOTTOM d/b/a H & H SMALL ENGINE*
*REPAIR AND MIKE HIGGINBOTTOM*

*v.*

*JOHNNY SMITH d/b/a HOUSTON SALES AND*
*SERVICE*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/27/2001 |
| TRIAL JUDGE: | HON. JOHN C. ROSS, JR. |
| COURT FROM WHICH APPEALED: | TISHOMINGO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | B. WAYNE WILLIAMS |
| | LEE ALEXANDER DURRETT |
| | JAMES MICHAEL TUTOR |
| | MICHAEL FRANCIS RAFFERTY |
| | GEORGE T. WHEELER, JR. |
| ATTORNEYS FOR APPELLEE: | RICHARD PAUL JOHNSON |
| | JENNIFER INGRAM WILKINSON |
| | CARROLL INGRAM |
| | MARCUS ALFRED TREADWAY |
| | GARY L. CARNATHAN |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 09/25/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Defendants Briggs & Stratton Corp., Automotive Electric Corp d/b/a Engine Power

Distributors, Rick Higginbottom d/b/a H & H Small Engine Repair, and Mike Higginbottom

seek review by interlocutory appeal of a Tishomingo County Chancery Court order denying their Joint Motion to Transfer this action to the Circuit Court of Tishomingo County. After reviewing the chancery court's order, this Court finds jurisdiction for this action is not proper in the chancery court. The order of the chancery court is reversed, and the case is remanded to the chancery court for a prompt transfer to the Circuit Court of Tishomingo County.

## FACTS AND PROCEDURAL HISTORY

¶2.     On April 17, 2001, Johnny Smith, owner and operator of Houston Sales and Service, filed this suit in the Chancery Court of Tishomingo County against defendants Briggs & Stratton Corp., Automotive Electric Corp. d/b/a Engine Power Distributors, Rick Higginbottom d/b/a H & H Small Engine Repair, and Mike Higginbottom. The complaint contains eight counts which included (1) Count I Breach of Contract by Briggs and Engine Power; (2) Count II Tortious Breach of Contract by Briggs and Engine Power; (3) Count III Tortious Contractual Interference with Present Business Contractual Relationships by Briggs and Engine Power; (4) Count IV Tortious Contractual Interference with Prospective Business Contractual Relationships by Briggs and Engine Power; (5) Count V Breach of Implied Duty of Good Faith and Fair Dealing by Briggs and Engine Power; (6) Count VI Conspiracy to Terminate by Briggs, Engine Power, H & H, Rick Higginbottom, and Mike Higginbottom; (7) Count VII Gross Negligence by Briggs, Engine Power, H & H, Rick Higginbottom, and Mike Higginbottom, and (8) Count VIII Entitlement to an Accounting Due to Briggs's Accusations of Improper Use of Inventory of Repair Parts.

¶3.     On June 18, 2001, defendants Briggs, Engine Power, and Mike Higginbottom filed a Joint Motion to Transfer. In their motion they argued that the chancery court did not have

jurisdiction over the matters in this cause because essentially the plaintiff was alleging breach of contract for which jurisdiction lies in the circuit court. The motion alleged that the circuit court was the only proper forum for which a jury trial and punitive damages could be requested. In support of their motion they submitted to the court the case of **Burnette v. Hartford Underwriters Ins. Co.**, 770 So.2d 948 (Miss. 2000). The August 17, 2001, plaintiff's response to the Motion to Transfer argued that a valid claim for an accounting had been asserted; therefore the chancery court had proper jurisdiction over the cause. On August 22, 2001, Rick Higginbottom joined in the motion to transfer.

¶4. A hearing on the motion was held on August 20, 2001. During the hearing the defendants cited **Southern Leisure Homes, Inc. v. Hardin**, 742 So.2d 1088 (Miss. 1999). They argued that the facts in **Southern Leisure** are essentially the same as the case sub judice and that there this Court found that the plaintiffs' attempts to secure equity jurisdiction were fraudulent and therefore, the cause was proper only in circuit court. The defendants argued that their right to a jury trial can only be guaranteed in circuit court. They argued that, despite the one equity count, the complaint predominately asserts legal claims which are best suited for circuit court. They stated that "the allegation for an accounting really is not an accounting in the sense that the Chancery Court would normally apply in an accounting." The defendants argued that the plaintiff's reliance on **Crowe v. Smith**, 603 So.2d 301 (Miss. 1992), is misplaced.

¶5. During the hearing the plaintiff argued that his claim for an accounting is justified as "the cancellation of the Authorized Service Agreement was over some discrepancy as to parts inventory under a warranty . . . [and] the dispute seems to center on allegations by Briggs and

3

Engine Power that my client misused, misappropriated, did something with the inventory not per the Authorized Service Dealer Agreement." The plaintiff argued that the accounting claim is essential to the other legal claims as it "bolster[s] [the] claim that he did nothing outside the warranty agreement – the Service Dealer Agreement, which would breach that agreement; and, therefore, would put Briggs and Engine Power in the place of illegally and improperly cancelling that agreement causing him injury."

¶6.     On November 29, 2001, the Chancellor issued an order denying the motion to transfer and stating that "pursuant to Miss. Code § 9-5-81 and Const. art. 6, § 159, the Chancery Court has the authority to hear cases for an accounting."  On January 8, 2002, the Chancellor certified that order for interlocutory appeal and stayed the proceedings pending the outcome of the appeal.  On June 7, 2002, this Court granted the defendants' request for interlocutory appeal.  *See*. M.R.A.P. 5.

## STATEMENT OF THE ISSUES

I.     **DID THE CHANCERY COURT ERR IN DENYING THE DEFENDANTS' JOINT MOTION TO TRANSFER THIS MATTER TO THE CIRCUIT COURT OF TISHOMINGO COUNTY, MISSISSIPPI?**

    A.     **DID THE PLAINTIFF FAIL TO ALLEGE A TRUE CLAIM FOR AN ACCOUNTING?**

    B.     **DID THE RETENTION OF THIS CAUSE BY THE CHANCERY COURT DENY THE DEFENDANTS OF THEIR CONSTITUTIONALLY PROTECTED RIGHT TO A TRIAL BY JURY?**

    C.     **DID THE PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES CREATE A CAUSE FOR REMOVAL TO THE CIRCUIT COURT?**

4

**STANDARD OF REVIEW**

¶7.    Defendants argue that the applicable standard of review is de novo.  They cite *Burnette v. Hartford Underwriters Ins. Co.*, 770 So.2d 948, 950 (Miss. 2000).  Plaintiff argues that the applicable standard of review is abuse of discretion.  He cites *Stubbs v. Miss. Farm Bureau Casualty Ins. Co.*, 825 So.2d 8 (Miss. 2002).  Since there is conflict as to which standard of review applies, it is necessary to clear up any confusion.

¶8.    The plaintiff mistakenly relies on *Stubbs*.  In *Stubbs*, this Court addressed the proper standard of review for motions to transfer venue. *Id.*  The case sub judice addresses a motion to transfer from chancery court to circuit court based on the chancery court's lack of jurisdiction over the subject matter.  *Stubbs* did not address the applicable standard of review for this type of motion to transfer.

¶9.    The defendants correctly rely on *Burnette*.  In *Burnette*, this Court addressed the proper standard of review for a motion to transfer based on lack of jurisdiction.  770 So.2d at 950-51.  This Court stated that:

> Jurisdiction is a question of law.  *Entergy Miss., Inc. v. Burdette Gin Co.*, 726 So.2d 1202, 1204-05 (Miss. 1998).  This Court reviews questions of law de novo.  *See Saliba v. Saliba*, 753 So.2d 1095, 1098 (Miss. 2000).

770 So.2d at 950.  More recently, this Court in *United States Fidelity & Guaranty Co. v. Estate of Francis*, 825 So.2d 38 (Miss. 2002), reviewed a Chancellor's denial of a motion to transfer.  Since the Chancellor's order denying a motion to transfer from chancery court to

5

circuit court due to lack of jurisdiction involved a question of law, this Court applied de novo review. *Id.* at 43-44.

**DISCUSSION**

> **I.      DID THE CHANCERY COURT ERR IN DENYING THE DEFENDANTS' JOINT MOTION TO TRANSFER THIS MATTER TO THE CIRCUIT COURT OF TISHOMINGO COUNTY, MISSISSIPPI?**

¶10.    It is clear that this Court has not drawn a bright line concerning equity and law jurisdiction, particularly from 1956 to the present.   However, this case clearly indicates that this was a question of law and not a question of equity and that the chancery court erred in not transferring,  as will be discussed below .

> **A.      DID THE PLAINTIFF FAIL TO ALLEGE A TRUE CLAIM FOR AN ACCOUNTING?**

¶11.    The defendants argue that the plaintiff's complaint does not request a true accounting. They argue that the plaintiff is seeking exoneration from allegations that he misused parts and inventory.  This is not a request for an accounting.  Since the plaintiff's request for an accounting is a mask for asserting chancery court jurisdiction, *Tillotson v. Anders*, 551 So.2d 212 (Miss. 1989), is directly on point and supports the transfer of this cause to circuit court.


¶12.    The plaintiff argues that the request for an accounting is essential to the allegations in the complaint. He  argues that in order to prove that his termination was in bad faith, he must show through an accounting that he did not misuse parts and inventory which is the alleged reason his contract was terminated.  The plaintiff argues that under *Crowe v. Smith*, 603 So.2d 301 (Miss. 1992),  Miss. Code Ann.  § 9-5-81 (Rev. 2002), and Miss. Const. art. 6, § 159

6

(1890), the chancery court is the only court which may hear a case for an accounting. ¶13.

This Court in **State ex rel. King v. Harvey**, 214 So.2d 817 (Miss. 1968), gave a comprehensive definition for an accounting. **Id.** at 819-20. This Court stated that:

> An accounting is by definition a detailed statement of the debits and credits between parties arising out of a contract or a fiduciary relation. It is a statement in writing of debts and credits or of receipts and payments. Thus an accounting is an act or a system of making up or settling accounts, consisting of a statement of the account with debits and credits arising from the relationship of the parties. *Black's Law Dictionary* 34-36 (4th Ed. 1957). . . . "It implies that one is responsible to another for moneys or other things, either on the score of contract or of some fiduciary relation, of a public or private nature, created by law, or otherwise." **Miller v. Henry**, 139 Miss. 651, 665, 103 So. 203, 204 (1925)

214 So.2d at 819-20. An accounting has traditionally been a tool used by a plaintiff against a defendant. In the case sub judice, the plaintiff attempts to initiate an accounting against himself. It is a mere disguise for what really could be accomplished through discovery.

¶14. The plaintiff argues that, in order to prove the allegations in his complaint, he needs an accounting to show that the cancellation of his contract was in bad faith because he did not misuse inventory and parts as alleged. There is no demand for information, which is essentially what an accounting calls for. Here, the plaintiff has the information. He does not need an accounting in order to present such information to the court. If he is seeking to obtain order forms and shipping records to corroborate his theory, he can demand these items from the defendants during discovery.

¶15. The demand for an accounting is a mask to assert chancery court jurisdiction as it was in **Tillotson**, where this Court found that "[i]t is the substance of the action that should be controlling on this issue, not its form or label." 551 So.2d at 214 (quoting **Thompson v. First**

*Miss. Nat'l Bank*, 427 So.2d at 976 (Miss. 1983)). Our lower courts should "be wary of attempts to camouflage as a complicated accounting what is in essence an action at law for breach of contract." *Id.* (quoting *Thompson*, 427 So.2d at 976).

¶16. Since all other allegations of the complaint allege actions at law, the circuit court is the proper jurisdiction under Miss. Const. art. 6, § 156 and Miss. Code. Ann. § 9-7-81 (Rev. 2002).

**B.    DID THE RETENTION OF THIS CAUSE BY THE CHANCERY COURT DENY THE DEFENDANTS OF THEIR CONSTITUTIONALLY PROTECTED RIGHT TO A TRIAL BY JURY?**

¶17. The defendants argue that they have been denied their right to a jury trial by the Chancellor's failure to transfer the cause to the circuit court. Additionally, the plaintiff's complaint even demands a jury trial. The defendants argue that since the chancery court is not required to empanel a jury, they may be denied their right to a jury trial of which they would be assured in circuit court. The plaintiff does not address this issue in his brief.

¶18. Miss. Const. art. 3, § 31 (1890) provides, in pertinent part, that the "right of trial by jury shall remain inviolate." The defendants argue that the only way they can be assured of a jury trial is to be under the jurisdiction of the circuit court. This is true. In chancery court, the right to a jury trial is only discretionary.

¶19. In 1977, this Court in *McLean v. Green*, 352 So.2d 1312 (Miss. 1977), addressed the right to a jury trial in chancery court. *Id*. at 1314. This Court found that:

> In Chancery Court, with some few exceptions, the right to a jury is purely within the discretion of the Chancellor, and if one is empaneled, its findings are totally advisory. Our constitution, Mississippi Constitution, § 31 (1890), provides that the right to trial by jury shall remain inviolative, but in this case, the chancellor's

8

assumption of jurisdiction of this common law action has deprived the defendant of this right. . . . In *Talbot & Higgins Lbr. Co. v. McLeod Lbr. Co.*, [147 Miss. 186, 113 So. 433 (1927)], we held that where the Chancellor erroneously assumed jurisdiction of a common law action, the right to trial by jury had been taken away.

*Id.* Again in 1999, this Court in *Southern Leisure*, 742 So.2d 1088, found the Chancellor erred by failing to transfer a cause to circuit court for a jury trial. This Court quoted *McLean*, 352 So.2d 1312, when finding that the defendant's right to a jury trial could not be guaranteed in chancery court since the right to a jury trial in chancery court is only discretionary. *Southern Leisure*, 742 So.2d at 1090.[1]

¶20.    By failing to transfer the cause to circuit court, the Chancellor denied the defendants their right to a jury trial.

### C.    DID THE PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES CREATE A CAUSE FOR REMOVAL TO THE CIRCUIT COURT?

¶21.    Since we found that the chancery court erred in retaining jurisdiction, we need not address this issue.

### CONCLUSION

¶22.    The Chancellor committed reversible error by failing to transfer this case to the Circuit Court of Tishomingo County. The allegations of the complaint set out a cause of action at law

---

[1] *See also United States Fid. & Guar. Co. v. Estate of Francis*, 825 So.2d 38 (Miss. 2002) (where this Court found the Chancellor to have committed error by failing to transfer the cause to circuit court, but this Court was unable to reverse the Chancellor's final judgment due to Miss. Const. art. 6, § 147 (1890)); *Burnette v. Hartford Underwriters Ins. Co.*, 770 So.2d 948 (Miss. 2000) (where this Court found that the defendant was deprived of his right to a jury trial due to the Chancellor's failure to transfer an uninsured motorist insurance benefits case to circuit court).

not in equity; therefore, the case is placed under the jurisdiction of the circuit court. The Chancellor's denial of the defendants' motion to transfer denied them of their right to a jury trial. The order of the Chancery Court of Tishomingo County denying the defendants' motion to transfer is reversed, and this case is remanded to the Chancery Court for a prompt transfer to the Circuit Court of Tishomingo County.

¶23.    **REVERSED AND REMANDED.**

**PITTMAN, C.J., SMITH, P.J., COBB AND CARLSON, JJ., CONCUR.  WALLER AND GRAVES, JJ., CONCUR IN RESULT ONLY.  EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.  DIAZ, J., NOT PARTICIPATING.**