989 So.2d 419 (2008)
James Albert WIGGINS, Appellant
v.
Billy Ray PERRY, Appellee.
No. 2006-CA-01126-COA.
Court of Appeals of Mississippi.
July 22, 2008.
*421 Christopher E. Kittell, Clarksdale, attorney for appellant.
Lindsey C. Meador, Cleveland, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. In this appeal, this Court is presented with an issue of whether the chancery court has proper subject matter jurisdiction. The Mississippi Constitution, Article 6, Section 147, provides that the Court may not reverse a final judgment for lack of subject matter jurisdiction absent some other error that warrants reversal. The Court concludes that the chancery court did not have proper subject matter jurisdiction and finds other error that warrants reversal. The Court reverses and remands this case with instructions to transfer to the proper court.

FACTS
¶ 2. The facts are relatively simple. James Albert Wiggins owned a home in Bolivar County, Mississippi. For reasons not specified in the record, Wiggins found himself in financial difficulty and borrowed money from Billy Ray Perry. Wiggins signed deeds of trust as security for the loans, but he was not able to repay the loans.
¶ 3. On December 15, 2000, Wiggins executed a warranty deed to Perry and conveyed the property to satisfy the debt. Perry claimed that there was a verbal agreement to allow Wiggins to remain in the home as a tenant. This arrangement continued for a number of years until Wiggins began to fall behind in his rent payments. As a result, this litigation ensued.
*422 ¶ 4. The pleadings filed in this lawsuit have converted a simple set of facts into a complex procedural minefield. Because of the complexity of the claims asserted and the procedural maneuvers, we must discuss the trial record in extensive detail.
¶ 5. Perry commenced this action on October 5, 2004, by filing a pleading titled, "Petition for Damages, Injunctive Relief and Other Relief Regarding Interest in Land" (the "petition"). The petition alleged that Wiggins owed $2,000 in back rent and that Perry sought alternative rental arrangements with Wiggins, but Wiggins "refuse[d] to pay the rent arrearage, refuse[d] to execute a new written lease for his future occupancy, or quit and surrender the premises." The relief requested was a "mandatory injunction directing Mr. Wiggins to quit the premises and surrender them to Mr. Perry" and payment of the unpaid rent or, in the alternative, "a mandatory injunction directing Mr. Wiggins to execute one of the new written leases tendered to him by Mr. Perry" and an agreement to pay the unpaid rent. The petition asserted three claims: (a) for ejectment of Wiggins, (b) for an award of damages for unpaid rent, and (c) for an injunction to require Wiggins to execute a lease. There is little doubt that the first claim of the three is legal, not equitable.
¶ 6. On October 14, 2004, an attorney with a local legal services group filed a limited appearance on behalf of Perry for the purpose of challenging notice. The chancellor conducted an informal status conference and ordered that all pleadings be filed on or before November 16, 2004. On November 12, 2004, Perry's attorney filed an application with the clerk for entry of default and a supporting affidavit. On November 17, 2004, the chancery clerk entered a "Docket Entry of Default."[1]
¶ 7. Also, on November 17, 2004, Perry filed a "Motion to Dismiss Anticipated Pleadings."[2] In this motion, Perry alleged that Wiggins would attempt to raise affirmative defenses regarding the validity of the December 2000 warranty deed. The motion apparently sought to prevent Wiggins from being able to raise these affirmative defenses, claiming that any allegation by Wiggins that he "lacked capacity, and/or was unduly influenced, and/or overreached for insufficient consideration, and or fraudulently induced to execute the Warranty Deed" was barred by the statute *423 of limitations. The record reveals no order was entered that specifically granted or denied the motion to dismiss anticipated pleadings or any relief requested therein.
¶ 8. On July, 13, 2005, Perry filed a motion for summary judgment. In the motion, Perry did not seek a summary judgment on each of the claims asserted in the original petition. Instead, Perry alleged that there were no issues of material fact with respect to the following: that Wiggins had the mental capacity to sign the December 15, 2000, warranty deed; that Wiggins was not the victim of fraud, duress, or undue influence when he signed the warranty deed; and that Wiggins was barred from contesting the validity of the warranty deed because the applicable statute of limitations had expired. These were matters asserted in the motion to dismiss anticipated pleadings.
¶ 9. Wiggins did not file a written response to the motion for summary judgment. The record reveals that another status conference was held on November 4, 2005. The chancellor set a deadline of November 7, 2005, for Wiggins to file his response to the motion for summary judgment. Wiggins cited an inability to compile affidavits within the few days' time granted by the chancellor and advised the chancellor that no response would be filed. Because there would be no response filed, the chancellor decided not to hold a hearing on the motion and summarily ruled on the motion for summary judgment without the benefit of a hearing.
¶ 10. On November 28, 2005, the chancellor entered an "Order Granting Summary Judgment," nunc pro tunc to November 7, 2005. In the order granting summary judgment, the chancellor held:
This day came on for consideration the Motion for Summary Judgment filed herein, supported with affidavits, by Billy Ray Perry alleging that there is no genuine issue concerning the material fact of whether or not James Albert Wiggins had the mental capacity and was not unduly influenced, or the victim of any fraud or duress at all relevant times concerning the execution of the December 18, 2000, warranty deed to Billy Ray Perry, and the Court having considered said Motion, and having reviewed the court file and finding no responsive pleadings, or denials, or affidavits in opposition to said Motion for Summary Judgment, does hereby find that said summary judgment is well taken, and rules as follows:
1.
The warranty deed executed by James Albert Wiggins on December 15, 2000, to Billy Ray Perry, effectively transferred title to the lot and dwelling house on the property located at 316 South Leflore in Cleveland, Mississippi, . . . .
2.
Billy Ray Perry being the owner of fee simple title in and to the aforesaid real property and having previously made demand upon James Albert Wiggins to quit the premises, it is hereby ordered and adjudged that James Albert Wiggins is mandatorily enjoined to quit and vacate the premises located at 316 South Leflore in Cleveland, Mississippi, on or before thirty (30) days after execution of this judgment.
3.

The court reserves ruling, if the parties cannot reach agreement, on the other issues raised in the Petition for Damages, Injunctive and Other Relief Regarding Interest in Land, and specifically reserves ruling on the question of whether back-rental is owed from Mr. *424 Wiggins to Mr. Perry, and, if so, in what amount, and whether Mr. Perry is entitled to an award of court costs and attorney's fees, and, if so, in what amount.

(Emphasis added).
¶ 11. On December 16, 2005, Wiggins filed a "Motion to Set Aside [the Summary Judgment] Order, Motion to Stay Current Order and Motion to Dismiss for Lack of Subject Matter Jurisdiction." In this motion, Wiggins claimed: (1) the chancery court lacked subject matter jurisdiction because the action was primarily one for eviction, and eviction actions are within the jurisdiction of the county court; (2) the plaintiff's claims should be dismissed under the Mississippi Residential Landlord and Tenant Act; and (3) the action should be stayed until the parties could appear and be heard. This motion does not state which rule of civil procedure it was based upon. From the title, however, it appears that Wiggins brought what he thought to be either a Rule 59(e) motion to alter or amend a judgment, a Rule 60 motion for relief from judgment or order, or a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.
¶ 12. In his response, Perry quoted Hudson v. Bank of Edwards, 469 So.2d 1234, 1240 (Miss.1985) for the proposition that the petition was properly before the chancellor because, under Mississippi Constitution Article 6, Section 160, "[c]hancery courts are vested with subject matter jurisdiction to try title, cancel deeds and other clouds upon title or real estate, and to decree possession and displace possession." Perry further argued that "legal title to the lot and home is at issue, possession is at issue, and equitable defenses of James Albert Wiggins are at issue (the validity of deed granting the property to Billy Ray Perry, etc.). Hence, equity jurisdiction was complete and proper in this Court."
¶ 13. On December 27, 2005, Wiggins filed a "Motion to Set Aside Order Granting Summary Judgment Pursuant to M.R.C.P. 60." This motion was "offered in addition to such previously filed motion and in the event the Court determines that it had subject matter jurisdiction to entertain this action." The motion also claims that the consideration of the motion for summary judgment was procedurally defective. It clearly invoked Rule 60 as the rule is referenced in its title. Perry filed a written response.
¶ 14. On February 8, 2006, the chancellor entered the "Judgment." The judgment made the following findings of fact and conclusions of law:
1.
On October 5, 2004, Billy Ray Perry filed his Petition for Damages and Injunctive Relief Regarding Interest in Land, in this Court, wherein it was alleged that he was the owner of a lot and dwelling house located at 316 South Leflore in Cleveland, Mississippi, pursuant to a Warranty Deed executed and delivered to him from James Albert Wiggins on December 18, 2000. It was alleged that after the transfer [Wiggins] had failed to pay rent as due under a verbal lease, was in arrears, and should be mandatorily enjoined to quit the premises and/or mandatorily enjoined to execute a new written lease tendered to him by Perry. Perry further alleged that he was due damages in the form of back rent, plus all costs of court and attorneys fees.
. . . .
4.
. . . In a previous status conference, Wiggins has indicated, through counsel, *425 that it was his intention to attack the validity of the December 18, 2000, Warranty Deed. Perry's Motion to Dismiss Anticipated Pleadings, took issue with this position of Wiggins, and affirmatively stated that if Wiggins took this position, then these claims were barred by the Mississippi three (3) year statute of limitations. Wiggins did not respond to this Motion.
5.
On July 13, 2005, Perry filed a Motion for Summary Judgment, wherein it was alleged that the December 18, 2000, Warranty Deed was executed at the time when Wiggins had full mental capacity to execute same, and was not the victim of any fraud, duress, or undue influence. Perry supported his Motion for Summary Judgment with Affidavits of Willie Seaton, Tommy Weeks, Mike Baker, Billy Ray Perry, and Margaret L. Prescott. . . .
6.
On October 27, 2005, Perry filed his Supplement to Petition for Damages, Injunctive and Other Relief Regarding Interest in Land, in which he updated the rent arrearage claimed by him.
7.
On Friday, November 4, 2005, the Court held a formal telephone status conference with counsel for Perry and Wiggins. At said status conference it was determined that the Motion for Summary Judgment filed by Perry had not been responded to in writing, and that there were no Counter-Affidavits or proof to be offered by Wiggins. Thus, the Court determined that based on that status of the pleadings, a formal presentation would not be needed on Monday, November 7, 2005, and the Court entered summary judgment in Perry's favor.
8.
On November 28, 2005, an Order Granting Summary Judgment was entered, nunc pro tunc, on November 7, 2005, in Perry's favor. The basis for summary judgment was that there was no genuine issue concerning the material fact that James Albert Wiggins had the required mental capacity, was not unduly influenced, and was not the victim of any fraud or duress at all relevant times concerning the execution of the December 18, 2000, Warranty Deed to Billy Ray Perry.
9.
On December 13, 2005, additional counsel appeared for Wiggins and filed Wiggins'[s] Motion to Set Aside Order/Motion to Stay Current Order and Motion to Dismiss for Lack of Jurisdiction. Thereafter, Wiggins filed his Motion to Set Aside Order Granting Summary Judgment Pursuant to MRCP 60 on December 27, 2005. To this Motion, Wiggins attached affidavits alleging that the December 18, 2000, deed was invalid due to Wiggins'[s] lack of mental capacity and/or his being unduly influenced. Perry filed his Response to Motion to Set Aside Order Granting Summary Judgment Pursuant to MRCP 60 on January 3, 2006. Both parties fully briefed all issues contained in all of the post summary judgment motions.
. . . .
CONCLUSIONS OF LAW
11.
Wiggins'[s] Motion to Set Aside Order Granting Summary Judgment Pursuant *426 to MRCP 60 does not raise "extraordinary and compelling circumstances" which weigh in favor of Wiggins. Wiggins had ample opportunity, as he was represented by counsel at all stages of this matter[,] to respond to Perry's prior Petition and prior Motions, and failed to do so. The record reflects that Wiggins was not vigilant, and did not timely respond to the Petition or the Motions filed by Perry. Wiggins has offered no excuse justifying his failure to respond in a timely fashion, for a period of more than one (1) year. . . .
12.
Moreover, even if this Court were to revisit Wiggins'[s] position in this matter pursuant to MRCP 60, the record is clear that this Court has subject matter jurisdiction of the issues raised herein. Perry's original Petition was modified by the expressed and implied consent of both Wiggins and Perry, due to the filing of Perry's Motion to Dismiss Anticipated Pleadings on November 17, 2004, and Motion for Summary Judgment, filed on July 13, 2005. In Mississippi, jurisdiction is not judged solely by looking at the initial pleading at the time it is filed, but by looking at the pleading as it may be amended, during the course of litigation. See: Marr v. Adair, 841 So.2d 1195 (Ct.App.Miss. 2003); Pearson v. Parsons, 541 So.2d 447 (Miss.1989); and, see also: CXX[CSX] Transportation, Inc. v. Owens, 533 So.2d 613 (Ct.App.Ala.1987). Thus, subject matter jurisdiction exists with this Court. This conclusion is also supported by the fact that Wiggins'[s] only basis for challenging the merits of Perry's position regarding the validity of the December 18, 2000, deed are the equitable grounds of lack of capacity and/or undue influence as raised in his Motion to Set Aside Order Granting Summary Judgment Pursuant to MRCP 60. Hence, the dispute in this matter was and is over purely equitable issues.

13.
Perry's unopposed Motion for Summary Judgment, which resulted in the Order Granting Summary Judgment, entered on November 7, 2005, nunc pro tunc, on the 28th day of November, 2005, established that there was no genuine issue regarding the material fact that James Albert Wiggins had the mental capacity, was not unduly influenced, and was not the victim of any fraud or duress at all relevant times regarding the execution of December 18, 2000, Warranty Deed to Billy Ray Perry. Accordingly, the ground for summary judgment was not whether the ten (10) year (Miss.Code Ann. § 15-1-7 [and] 9) statute of limitation or the three (3) year (Miss.Code Ann. § 15-7-49) statute of limitation applied to Wiggins'[s] claim, or whether the "savings statute" applied to the limitation period (Miss.Code Ann. § 15-1-59). The basis of the Motion for Summary Judgment was, and the Court held, that as a matter of unopposed, uncontradicted material fact the execution of the December 18, 2000, Warranty Deed was not valid. Thus, as a matter of law, Wiggins'[s] late-mounted attack on the validity of the December 18, 2000, Warranty Deed must fail. The Court does not reach the question of which period of limitation would be applicable in this matter, or whether the "savings statute" applied.
Accordingly, the Court finds as fact and concludes as matter of law that: this Court at all times relevant hereto had subject matter jurisdiction; that Wiggins'[s] MRCP Rule 60 Motion is not well[-]taken in that the extraordinary *427 and compelling circumstances do not weigh in Wiggins'[s] favor, but to the contrary, Wiggins slept on his rights; and, that as a matter of uncontradicted, material matter of fact the execution of the December 18, 2000, Warranty Deed from James Albert Wiggins to Billy Ray Perry was a valid, effective conveyance, and not the result of any lack of mental capacity on the part of Wiggins, undue influence, or duress. Thus the Court overrules Wiggins'[s] Motion to Set Aside Order/Motion to Stay Current Order and Motion to Dismiss for Lack of Jurisdiction, as well as Wiggins'[s] Motion to Set Aside Order Granting Summary Judgment Pursuant to MRCP 60. The prior Order Granting Summary Judgment of November 7, 2005, entered nunc pro tunc, November 28, 2005, in favor of Perry is affirmed.
(Emphasis added.)
¶ 15. Wiggins filed a petition for interlocutory appeal with the Mississippi Supreme Court. The supreme court denied permission by its order dated March 22, 2006.
¶ 16. Thereafter, the chancellor entered a final judgment on May 30, 2006, nunc pro tunc to March 26, 2006, that held:
This day came on for consideration the joint motion, ore tenus, requesting that the Court make a Final Judgment and ruling of the things and matters addressed in its Order Granting Summary Judgment dated November 7, 2005, and entered nunc pro tunc November 28, 2005, and further make a final judgment in ruling regarding whether Petitioner, Billy Ray Perry, is owed back rental from Respondent, James Albert Wiggins, and if so, in what amount, and whether Billy Ray Perry is entitled to an award of attorney's fees and court costs, and, if so, in what amount, and the Court having taken said issues under advisement does hereby find and adjudicate the following as its Final Judgment:
1.
All things and matters ruled upon and set forth in the Court's Order Granting Summary Judgment dated November [28], 2005, and entered nunc pro tunc[,] November [7], 2005, are hereby incorporated in this Final Judgment, and are ratified and affirmed.
2.
Billy Ray Perry is awarded back rental from the date of July 1 through August 30, 2004, at the rate of $450.00 per month, for $900.00, and from September 1, 2004, through April 30, 2006, at the rate of $550.00 per month, for $11,000, for a total back rental awarded to Billy Ray Perry of $11,900.00, for all of which a judgment and execution may enter.
3.
The Court retains continuing jurisdiction over the question of whether Billy Ray Perry will be entitled to rents accruing in the future from James Albert Wiggins, while this matter may be pending on appeal or the said James Albert Wiggins may otherwise hold over from the date of this order and not surrender possession to Billy Ray Perry.
4.
Billy Ray Perry's request for attorney'[s] fees is denied, since the Court finds that there is no statutory provision, no contractual provision, and no facts justifying an award of punitive damages in this case. [citation omitted].

*428 5.
The total judgment awarded is $11,900.00.
Neither attorney approved or executed the final judgment.

STANDARD OF REVIEW
¶ 17. Subject matter jurisdiction is an issue that may be raised by any party at any time, including being raised for the first time on appeal. See M.R.C.P. 12(h)(3). The question of subject matter jurisdiction is a question of law subject to de novo review. In re J.D.S., 953 So.2d 1133, 1136(¶11) (Miss.Ct.App.2007).

ANALYSIS

I. Whether the chancery court had subject matter jurisdiction.
¶ 18. In Luckett v. Mississippi Wood, Inc., 481 So.2d 288, 290 (Miss.1985), the Mississippi Supreme Court held:
As a threshold inquiry, subject matter jurisdiction must be determined before the court has authority to decide whether [the] plaintiff has stated a claim upon which relief may be granted.
Generally speaking, the existence of subject matter jurisdictionthe authority to hear this type of case at allturns on the well[-]pleaded allegations of the complaint which are taken as true. That the defendant may have a defense on the meritsthe exclusiveness of liability section of the compensation actis beside the point on this type [of] motion inquiry.
¶ 19. Here, the chancellor concluded, "[i]n Mississippi, jurisdiction is not judged solely by looking at the initial pleading at the time it is filed, but by looking at the pleading as it may be amended, during the course of litigation." The chancellor concluded that Wiggins could only raise equitable defenses to challenge Perry's petition and that the "dispute in this matter was and is over purely equitable issues," the jurisdiction of which would be vested in chancery court. Wiggins sought interlocutory appeal on this issue, which the Mississippi Supreme Court denied on March 22, 2006.
¶ 20. The chancellor clearly applied the wrong legal standard to determine that the chancery court had subject matter jurisdiction. The jurisdictional limitations of the chancery court as a court of equity are established by the Mississippi Constitution. Article 6, Section 159 of the Mississippi Constitution provides as follows:
The chancery court shall have full jurisdiction of the following matters and cases, viz.:
(a) All matters in equity;
(b) Divorce and alimony;
(c) Matters testamentary and of administration;
(d) Minor's business;
(e) Cases of idiocy, lunacy, and persons of unsound mind;
(f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.
Miss. Const., art. 6, § 159. The chancery court is given additional jurisdiction over the following types of cases pertaining to real property:
And in addition to the jurisdiction heretofore exercised by the chancery court in suits to try title and to cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in such cases to decree possession, and to displace possession; to decree rents and compensation for improvements and taxes; and in all cases where said court heretofore exercised jurisdiction, auxiliary to courts of common law, it may *429 exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law.
Miss. Const., art. 6, § 160. These two provisions define the parameters of the chancery court's jurisdiction.
¶ 21. The petition requested a "mandatory injunction directing Mr. Wiggins to quit the premises and surrender them to Mr. Perry" plus the unpaid rent or, in the alternative, "a mandatory injunction directing Mr. Wiggins to execute one of the new written leases tendered to him by Mr. Perry" plus an agreement to pay the unpaid rent. As a general rule, mandatory injunctions are considered equitable matters. See, e.g., S. Bus Lines, Inc. v. Amalgamated Ass'n of Street, 205 Miss. 354, 374, 38 So.2d 765, 768 (1949). In such cases, however, jurisdiction is determined by the substance of the relief sought and not the terms of art with which a plaintiff chooses to draft his petition. As the Mississippi Supreme Court stated in Trustmark National Bank v. Johnson, 865 So.2d 1148, 1151(¶ 11) (Miss.2004) (citations omitted), "when determining the true nature of the claim, one must look at the substance, and not the form, of the claim in order to determine whether the claim is legal or equitable." See also Briggs & Stratton Corp. v. Smith, 854 So.2d 1045, 1049(¶ 15) (Miss.2003); Tillotson v. Anders, 551 So.2d 212, 214 (Miss.1989).
¶ 22. Here, Perry's first claim in the petition was nothing more than an eviction proceeding in disguise. Subject matter jurisdiction for eviction proceedings is vested in the county court. See Miss. Code Ann. § 89-7-27 (Rev.1999). Perry's alternative prayer for relief is a request for the court to force Wiggins to enter into a lease contract. This request for relief is legally impermissible. A court, as a matter of law, cannot fashion such a remedy because the formation of a contract requires mutual assent, often referred to as a "meeting of the minds." See Rotenberry v. Hooker, 864 So.2d 266, 270(¶ 13) (Miss. 2003). On its face, Perry's petition did not state a claim over which the chancellor could assert subject matter jurisdiction.
¶ 23. In the judgment, the chancellor contended, however, that Perry's "Motion to Dismiss Anticipated Pleadings" and Perry's motion for summary judgment both constituted amendments to the pleadings that the chancellor could rely on to grant Perry's motion for summary judgment. In the denying Wiggins's motion to set aside the summary judgment order and dismiss the case for lack of jurisdiction, the chancellor stated in the judgment that "Perry's original petition was modified by the expressed and implied consent of both Wiggins and Perry, due to the filing of Perry's motion to dismiss anticipated pleadings on November 17, 2004, and motion for summary judgment, filed on July 13, 2005."
¶ 24. Mississippi Rule of Civil Procedure 15 governs the amendment of pleadings. According to Rule 15(a), Perry's petition could have been amended in one of the following ways:
A party may amend a pleading as a matter of course at any time before a responsive pleading is served, or, if a pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within thirty days after it is served. On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), leave to amend shall be granted when justice so requires upon conditions and within time as determined *430 by the court, provided matters outside the pleadings are not presented at the hearing on the motion. Otherwise, a party may amend a pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires.
According to the record, the chancellor closed the time to file responsive pleadings on November 16, 2004. Accordingly, Perry's opportunity to amend his pleading as a matter of course expired on that date. The second situation in which amendments are permittedpleadings to which no responsive pleading is permittedis inapplicable in this case. Likewise, an amendment would not be permitted pursuant to a dismissal under Rule 12(b)(6) or Rule 12(c), as that situation also is inapplicable to this case. Based on Rule 15, Perry could only amend his pleading "by leave of court or upon written consent of the adverse party." Neither the chancellor nor Wiggins granted Perry permission to amend his petition.
¶ 25. Moreover, even if leave to amend had been granted, Perry's "Motion to Dismiss Anticipated Pleadings" would not constitute an amendment to the petition. Perry did not request additional relief or raise additional claims. Had Wiggins filed a responsive pleading raising those affirmative defenses, Perry's motion could have constituted a reply. Finally, there is no provision in Rule 56 that would allow a motion for summary judgment to constitute an amendment to a pleading. Because Perry did not comply with Rule 15, there was no amendment to the pleadings that could relate back to the date of the original filing under Rule 15(c) to convey subject matter jurisdiction to the chancery court.
¶ 26. The petition, therefore, was not an equitable matter over which the chancery court could assert jurisdiction. It was an eviction proceeding, a legal matter, which was required to be heard in the county court. The chancery court did not have subject matter jurisdiction to hear the claim.
¶ 27. Under the Mississippi Constitution, however, the Court may not reverse a final judgment for lack of subject matter jurisdiction absent some other error that warrants reversal. This limitation on the appellate court's power states as follows:
No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but if the Supreme Court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the Supreme Court may remand it to that court which, in its opinion, can best determine the controversy.
Miss. Const. art. 6, § 147. See also Tillotson, 551 So.2d at 215-18 (discussing the history of the Court's interpretation of § 147). The Mississippi Supreme Court has interpreted this section to prohibit a reversal solely for lack of subject matter jurisdiction only in those cases "where a full hearing on the merits had already been held, albeit in the incorrect forum, or where by litigation a party has gained some other substantial advantage," including a grant of partial summary judgment. Tillotson, 551 So.2d at 218.
¶ 28. Wiggins did not raise the issue of subject matter jurisdiction until after the chancery court entered the order granting summary judgment in favor of Perry. The entry of summary judgment would qualify as an event in which Perry gained a substantial advantage and as a final judgment *431 on the merits; therefore, absent some other finding of error, this Court is prohibited from reversing this case on the issue of subject matter jurisdiction alone.

II. Whether other grounds warrant reversal.
¶ 29. Having determined that the chancery court erred in determining that it had subject matter jurisdiction, we now examine the record to determine if there are other grounds that warrant reversal. The only issue raised by Wiggins's briefs was subject matter jurisdiction. Despite the failure to raise any other issues, Mississippi Rule of Appellate Procedure 28(a)(3) provides that "[n]o issue not distinctly identified shall be argued by counsel, except upon request of the court, but the court may, at its option, notice a plain error not identified or distinctly specified."
¶ 30. The purpose of the plain error doctrine is "to administer the law fairly and justly. A party is protected by the plain error rule when (1) he has failed to perfect his appeal and (2) when a substantial right is affected." State Highway Comm'n v. Hyman, 592 So.2d 952, 957 (Miss.1991). We begin by examining the final judgment rule.
¶ 31. In Mississippi, a party may only appeal a final judgment. Miss.Code Ann. § 11-51-3 (Rev.2002); M.R.C.P. 54(b). The notice of appeal must state the "judgment or order appealed from." M.R.A.P. 3(c). This Court's review begins with a look at the judgment that is appealed from in this appeal.
¶ 32. Here, there is a question of whether the judgment appealed from is the "Order Granting Summary Judgment" or the "Final Judgment."

A. Review of Order Granting Summary Judgment.
¶ 33. The first possible final appealable judgment was the order granting summary judgment. The standard of review of a summary judgment is de novo. PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 49(¶ 8) (Miss.2005) (citing Hurdle v. Holloway, 848 So.2d 183, 185(¶ 4) (Miss.2003)); see also, Miller v. Meeks, 762 So.2d 302, 304(¶ 3) (Miss.2000). There are several errors with the chancellor's entry of the order granting summary judgment.
¶ 34. First, the order granting summary judgment was not a "final judgment" under Rule 54. By its terms, the order granting summary judgment held:
The court reserves ruling, if the parties cannot reach agreement, on the other issues raised in the Petition for Damages, Injunctive and Other Relief Regarding Interest in Land, and specifically reserves ruling on the question of whether back-rental is owed from Mr. Wiggins to Mr. Perry, and, if so, in what amount, and whether Mr. Perry is entitled to an award of court costs and attorney's fees, and, if so, in what amount.
With this language, the order granting summary judgment did not fully adjudicate the case.
¶ 35. By stating that it "reserves ruling," the chancellor's decision was at most a partial summary judgment under Mississippi Rule of Civil Procedure 56(d). Nevertheless, the parties and, more importantly, the chancellor treated the order granting summary judgment as a final judgment. It was not a final "appealable" judgment under Rules 54(b) or 58 of the Mississippi Rules of Civil Procedure. The chancellor was in error to treat it as a final appealable judgment.
¶ 36. Second, the order granting summary judgment adjudicated claims *432 that were not properly before the Court. The petition requested the following relief: a "mandatory injunction directing Mr. Wiggins to quit the premises and surrender them to Mr. Perry" plus damages or, alternatively, "a mandatory injunction directing Mr. Wiggins to execute one of the new written leases tendered to him by Mr. Perry for rental" plus damages. In support of his petition, Perry alleged that he was the fee simple owner of the property at issue, having obtained the property from Wiggins by virtue of a warranty deed executed on December 15, 2000. Perry further alleged that Wiggins had been a tenant on that property since the date of the warranty deed and that Wiggins had failed to pay rent. The petition did not raise a claim or issue of the validity of the deed or the question of his ownership of the property.
¶ 37. Instead, Perry explained in his brief that the "Motion to Dismiss Anticipated Pleadings" was filed because he "anticipated that Wiggins would challenge the validity of the December 18[sic], 2000, deed, based on equitable defenses." In his motion, Perry stated that he "anticipated that James Albert Wiggins may take the position that he lacked capacity, and/or was unduly influenced, and/or overreached for insufficient consideration, and/or fraudulently induced to execute the Warranty Deed." Perry argued that any such claims would be barred by the statute of limitations; therefore, Wiggins should not be permitted to even assert these affirmative defenses in a responsive pleading.
¶ 38. Thereafter, the motion for summary judgment asked the chancellor to find (1) that Wiggins had the mental capacity to execute the deed; (2) that Wiggins "was not the victim of any fraud, duress, or undue influence"; and (3) that because Wiggins was competent, and because more than three years had passed since the signing of the deed, Wiggins was prevented by the statute of limitations from challenging the validity of the deed. The motion for summary judgment had absolutely no relation to the claims asserted in the petition and neither requested an order on the eviction claim nor that the court force Wiggins to sign a lease in order to remain on the property. The chancellor granted Perry's motion for summary judgment, finding that the deed was valid and ordering Wiggins to vacate the property within thirty days.
¶ 39. The chancellor committed plain error in granting summary judgment on issues not raised in Perry's petition. The issues of the validity of the deed and Wiggins's mental capacity to execute that deed were never properly before the chancellor. The chancellor's entry of the order granting summary judgment was error.

B. Review of Final Judgment.
¶ 40. The review of the final judgment presents a basic procedural concern. Specifically, the Court has yet to determine how the chancellor could get from a summary judgment that reserved further ruling to a final judgment with no hearing or trial on the merits. The only pleadings filed were by Wiggins. He filed both the "Motion to Set Aside [the Summary Judgment] Order, Motion to Stay Current Order and Motion to Dismiss for Lack of Subject Matter Jurisdiction" and the "Motion to Set Aside Order Granting Summary Judgment Pursuant to M.R.C.P. 60." Both of these motions were noticed for hearing on January 5, 2006.
¶ 41. The record does not contain a transcript of the hearing held on January 5, 2006. Apparently, no evidence was presented because there is no record of any "evidence" provided to this Court. The record does not contain a notice of hearing on the portion of the motion for summary *433 judgment that was "reserved" by the order granting summary judgment. There is no evidence of a trial on the merits being held.
¶ 42. Instead, all that is before this Court is the February 8, 2006, judgment that begins with the following:
THIS CAUSE comes before the Court on two motions filed by [Wiggins]. The first is a combined motion styled "Motion to Set Aside Order/Motion to Stay Current Order and Motion to Dismiss for Lack of Subject Matter Jurisdiction." The second motion is styled simply "Motion to Set Aside Order Granting Summary Judgment Pursuant to M.R.C.P. 60." The parties have submitted extensive briefs to the Court regarding the law and their respective positions. The Court is now prepared to enter its ruling.
The chancellor then issued a seven-page findings of fact and conclusions of law. The chancellor denied the relief requested in the motions and further held that the "Order Granting Summary Judgment was affirmed."
¶ 43. Thereafter, with no additional pleadings filed or a trial on the merits, the chancellor entered the "Final Judgment." The final judgment awarded monetary damages of $11,900 against Wiggins.
¶ 44. The manner in which this case was presented to the chancellor is highly unusual. As stated earlier, this Court has never heard of a "Motion to Dismiss Anticipated Pleadings" and is not aware of the authority for such a motion. Further, the chancellor viewed the motion to dismiss anticipated pleadings as an amendment to the claims presented. However, the amendment was neither properly asserted nor notice provided to the defendant. The amendment certainly did not comport with Rule 15. The order granting summary judgment was not a summary judgment, but possibly a partial summary judgment. It was clearly not a final appealable judgment. Thereafter, the final judgment was entered with no trial, hearing, or presentation of evidence that would support the monetary damages awarded.
¶ 45. As the order granting summary judgment was not an appealable final judgment, there was no judgment from which Wiggins could file a motion to alter or amend the judgment or to set aside the judgment pursuant to Rules 59(e) or 60. Indeed, the only motions before the chancellor when he entered the final judgment were Wiggins's motions. Nevertheless, in the judgment, the chancellor clearly granted additional relief by going beyond the motions that were before him. Some of the relief granted in the final judgment was requested and included as part of the original motion for summary judgment; other relief was considered by the chancellor as modifiedwe assume that means amendedclaims asserted in the motion to dismiss anticipated pleadings. However, without proper notice and compliance with the provisions of Rule 56, the final judgment may not add relief to the order granting summary judgment.
¶ 46. Despite each of these procedural and evidentiary irregularities, the Court has examined the final judgment to determine what possible equitable relief was granted. The Court finds none. Indeed, it is clear from the relief granted in the final judgment that this case was a proceeding in law and not a proceeding in equity. The final judgment was entered in error.
¶ 47. This Court reverses the final judgment and remands this case for further proceedings consistent with this opinion. On remand, the chancellor is instructed to transfer the case to the proper court having subject matter jurisdiction. See *434 Penn Nat'l Gaming, Inc. v. Ratliff, 954 So.2d 427, 434(¶ 17) (Miss.2007).
¶ 48. THE JUDGMENT OF THE CHANCERY COURT OF BOLIVAR COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE, P.J., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MYERS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
NOTES
[1] A default judgment was never entered. Hence, there was no Mississippi Rule of Civil Procedure 55(b) judgment entered. Perry proceeded to have a judgment entered under Rules 56 and 58.
[2] This Court is not quite sure what exactly a "Motion to Dismiss Anticipated Pleading" is. The title of the motion is unusual. The motion does not cite to a rule that would authorize such a motion. The motion, however, concludes with this statement, "Perry files this Motion in anticipation of claims to be brought by James Albert Wiggins, and he requests that all claims be dismissed for failure to state claims upon which relief may be granted." Based on this language, it appears that Perry asked the chancellor for a Rule 12(b)(6) dismissal of claims that Wiggins has never actually asserted. We are not aware of any authority under Mississippi Rule of Civil Procedure 12 or case law that would permit the plaintiff to dismiss claims that were neither asserted in the initial pleading nor actually raised by the defendant. It seems as though Perry seeks to initiate a Rule 57 action for a declaratory judgment, but that was not requested. Having examined Rule 12, we find no authority for a "Motion to Dismiss Anticipated Pleading." It appears, based on the judgment, which is discussed in detail below, that the chancellor used the motion so as to amend the plaintiff's petition and grant relief that was not requested in the original petition. Certainly, a motion to dismiss anticipated pleading is a questionable procedural vehicle to amend the claims asserted or relief requested in the original petition.